(No. 36122.— ▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. JOHN RANDALL, Plaintiff in Error.

*Opinion filed September 28, 1962.*

ROBERT L. KIESLER and RICHARD OWEN YOUNG, both of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and JOHN T. GALLAGHER and RUDOLPH L. JANEGA, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

The defendant, John Randall, was indicted by the Cook County grand jury on three separate counts charging sale, possession and dispensing of narcotic drugs, to-wit: cannabis, sometimes called marijuana. The indictment was returned January 4, 1960, defendant posted bond on January 7, 1960, and on January 22, 1960, defendant, while represented by counsel of his own choice, pleaded not guilty, and the cause was assigned to Judge Tucker for trial. On March 28, 1960, the defendant appeared before Judge Tucker and by his counsel withdrew his plea of not guilty and pleaded guilty to the charges in the indictment.

The record shows that the defendant was personally present in court at the time his attorney withdrew the plea of not guilty and entered a plea of guilty "to this indictment." The defendant was then sworn and the court specifically reviewed each of the counts of the indictment, explained the punishment which could be given him on each

count, and specifically asked the defendant if he understood what the sentencing could be under each count, and the defendant answered in the affirmative to each question.

The record further indicates that after the defendant had indicated that he understood what the punishment could be under each count of the indictment, the following then transpired:

"The Court: Knowing that, do you still see fit to enter a plea of guilty?

The Defendant: Well, I would like to say this one thing.

The Court: Well, either plead guilty or not, sir.

The Defendant: Well, I have to plead guilty.

The Court: Are you pleading guilty because you are in fact guilty?

The Defendant: Well, that's what I would like to explain to you. I am guilty.

The Court: All right. Have any promises of clemency or any other representations of any type been made to you?

The Defendant: No, ma'am.

The Court: By anyone?

The Defendant: No, ma'am."

The court then proceeded to hear the evidence as stipulated by counsel and found the defendant guilty of the charge in count 1 of the indictment for sale of narcotic drugs, entered judgment thereon, and sentenced him to a term of not less than ten years nor more than fifteen years in the Illinois State Penitentiary.

In asking that the judgment of the trial court be reversed, defendant assigns as error that the court improperly accepted a plea of guilty for the following reasons:

1. The court failed to inform the defendant that he could plead guilty to one or more counts, and, conversely, not guilty to one or more counts.

2. The defendant failed to persist in his plea of guilty.

In addition, defendant contends that the finding of guilty on count 1 amounted to an acquittal on the other two counts.

434

This question is not before us since no finding was made, judgment entered or sentence imposed on counts 2 and 3.

As to the proceedings on the first count, we fail to find anything in the record which indicates that the defendant did not knowingly plead guilty to all three charges and persist in his plea of guilty. Where a general plea of guilty is made to an indictment, it is applicable to each and to all of the counts of the indictment. (*People* v. *Arnold,* 396 Ill. 440.) A general plea of guilty to an indictment may be accepted, even with inconsistent counts, with the court hearing evidence and imposing sentence for the crime established by the proof. (*People* v. *Bernatowicz,* 413 Ill. 181.) No particular ritual is necessary in order to comply with the requirements of the statute. (Ill. Rev. Stat. 1959, chap. 38, par. 732; *People* v. *Outten,* 22 Ill.2d 146.) The record shows the defendant had affirmatively admitted that he understood the consequences of his plea of guilty and in fact persisted in his plea of guilty. *People* v. *Marshall,* 23 Ill.2d 216.

No error appearing in the record, the judgment in this cause is hereby affirmed.

*Judgment affirmed.*