2 Ill. App.3d 304 (1971)
275 N.E.2d 735
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v.
WILBUR WRIGHT, Defendant-Appellant.
No. 54829A.
Illinois Appellate Court  First District.
November 15, 1971.
*305 Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James Doherty, Assistant Public Defenders, of counsel,) for appellant.
Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Henry A. Hauser, Assistant State's Attorneys, of counsel,) for the People.
No. 54829A Judgment affirmed.
Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:
On September 26, 1967, Wilbur Wright, the defendant herein, was indicted for the crime of armed robbery. Indictment number 67-3234 charged that:
"* * * on August 17, 1967, * * * Lawrence Goodwin, Wilbur Wright and Larry Hayes committed the offense of armed robbery in that they, by the use of force, and while armed with dangerous weapons, took five hundred dollars in United States Currency, twenty-four watches and sixty rings from the person and presence of Allen Blackman, in violation of Chapter 38, Section 18-2, of the Illinois Revised Statutes 1965."
On October 4, 1967, defendant was arraigned and on October 19, 1969, appeared before the court advising it of his desire to withdraw his plea of not guilty and change it to that of guilty. The court, in accepting the defendant's guilty plea enumerated the possible consequences of that plea, advised him of his right to be tried by a jury and informed him of the fact that by pleading guilty, he thereby admits the facts alleged in the indictment. It appears that during the course of this proceeding the court referred to the crime as that of armed robbery. After a hearing in aggravation and mitigation, defendant was sentenced to a term of no less than four nor more than six years in the penitentiary. Defendant appeals.
Citing Supreme Court Rule 401(b) (Ill. Rev. Stat. 1969, ch. 110A, par. 401 (b)), defendant contends that it was error for the lower court to *306 accept his plea of guilty without first admonishing him of the nature of the charge and informing him of the acts which constitute that crime. Supreme Court Rule 401(b) in effect at the time of the trial of the instant case provides, inter alia, that the court shall not permit a plea of guilty by any person accused of a crime for which, upon conviction, the punishment may be imprisonment in the penitentiary, unless the court finds from the proceedings in open court at the time the plea of guilty is entered, that the accused understands the nature of the charge against him.
 1 This court has held that the rule does not require the court to recite all the facts which constitute an offense. What is required is that the court state to the accused, the essence or general character of the offense. (People v. Harden, 78 Ill. App.2d 431, aff'd 38 Ill.2d 559.) In People v. Carter, 107 Ill. App.2d 474, it was held that the defendant was advised of the nature of the charge by the court's statement that the plea was to aggravated kidnapping.
 2, 3 Although the requirements of the rule relating to the acceptance of guilty pleas must be carefully complied with, the remarks and advice of the court must be read in a practical manner. (People v. Domico, 15 Ill.2d 590.) Furthermore, when determining whether a defendant understands the nature of the charge, it is proper for the court to consider the entire record. People v. Doyle, 20 Ill.2d 163, People v. Harden, supra.
 4 It appears from the record that the defendant was presented with a copy of the indictment which clearly explained what he was being charged with, (see People v. Doyle, supra) and that during the proceedings at which defendant entered his guilty plea, the court specifically referred to the crime as that of armed robbery. It is our opinion that this admonition was sufficient to apprise defendant of the nature of the charge and therefore sufficient to satisfy the requirements of the Rule cited. The judgment is affirmed.
Judgment affirmed.
LYONS and GOLDBERG, JJ., concur.