THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GEORGE VINCENT LEONE, Defendant-Appellant.

(No. 71-294;

Second District—September 12, 1972.

Ralph Ruebner, of Defender Project, of Elgin, for appellant.

Wiliam R. Ketcham, State's Attorney, of Geneva, (W. Ben Morgan and Leo Wotan, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The questions presented are: (1) Whether the trial court, in accepting a guilty plea to an indictment for murder, adequately admonished the defendant by personally informing him of the minimum sentence prescribed by law; and (2) whether the sentence of 15 to 25 years imposed by the court was excessive.

Defendant was indicted for the crimes of murder and attempted murder. (It should be pointed out at the outset that no question is raised by defendant as to the propriety of the admonishment of the court on the plea of guilty of attempted murder, or of the 15 year sentence which was to run concurrently.)

At his arraignment on both indictments defendant was represented by counsel of his own choice, an eminent and experienced trial lawyer. Defendant pleaded not guilty and demanded a jury trial. At that hearing the court asked defendant and his counsel whether the defendant was advised of "the nature and range of punishment, murder carries with it the maximum penalty of death", and that attempted murder is one to twenty years. Defendant answered, "Yes, sir."

Later that day, after consulting further with his counsel, they again appeared before the judge and moved to waive jury trial. After defendant assured the court that he was aware of "the effect of waiving a right of a trial by a jury, which is a personal right," and that defendant concurred in his attorney's recommendation to waive jury trial, the court granted defendant's motion and set the case for trial.

The record indicates that when the case came on for trial on December 16, 1970, the court inquired as to defendant's age, schooling, armed services and war record, whether he was ever in a mental hospital, a user of narcotic drugs, or an habitual alcoholic, and explained that he was doing so "to make certain you are in full possession of your faculties and know what you are doing", and that defendant was "competent mentally." The court then inquired whether defendant's counsel (whom he referred to as "a fomer State's Attorney" and "former Attorney General, assistant, anyway") had explained to defendant his rights of a trial by jury or a trial before the court, that "murder carries with it the maximum penalty of death" and that for attempted murder it is "one to twenty years." The defendant answered affirmatively to all of these questions. The court then said:

> "THE COURT: And knowing what your rights are and your privileges, it is your desire to stand here and enter a plea of guilty?
> THE DEFENDANT: Yes, sir.
> THE COURT: Now, the State's Attorney or his staff hasn't promised you anything; have they?

THE DEFENDANT: No, sir.

THE COURT: They haven't offered you anything or threatened you to induce this action on your part?

THE DEFENDANT: No, sir, they haven't.

THE COURT: In other words, we want to make sure that it is your free and voluntary act knowing exactly the consequences of what you are doing.

THE DEFENDANT: Yes, sir.

THE COURT: Now, you are perfectly satisfied with the representation Mr. Carbary has given you in the handling of your case?

THE DEFENDANT: Yes, sir, I am.

THE COURT: And nobody forced you to sign this instrument, being the written plea of guilty?

THE DEFENDANT: No, sir.

THE COURT: And it is signed with those understandings that we have enumerated; is that correct?

THE DEFENDANT: Yes, sir.

\* \* \*

THE COURT: So you have signed two instruments, Mr. Leone, is that right?

THE DEFENDANT: Yes, sir.

THE COURT: All right; we will accept and record your motion, Mr. Carbary, to withdraw the plea of not guilty and substitute therefore a plea of guilty on behalf of George Vincent Leone, age sixty-one years."

The two instruments to which the court referred were typewritten pleas of guilty to the indictments for murder and attempted murder which were filed on that day by defendant and his counsel. Directing our attention only to the plea of guilty to murder, the defendant acknowledged therein that it was signed by him in "open court" on December 16, 1970. Paragraph 9 of the plea of guilty stated as follows: "I have been advised by the court and by my attorney that I have been charged with the crime of murder and that the range of punishment is not less than 14 years nor more than infinity." The numbers "14" and the word "infinity" were written either in the handwriting of the defendant or his counsel. Following the plea is a certificate of counsel to the effect that it was also signed by him in open court after a full discussion of the contents with the defendant. The court thereupon entered an order at the foot of this document finding and adjudging that defendant's plea of guilty to murder "is freely, intelligently, understandingly and voluntarily made, and is made without undue influence, compulsion or duress and without promise of leniency."

■■ Although the trial court in the admonishment failed to explain the minimum sentence to the defendant in open court, as required by Illinois Supreme Court Rule 402(a)(2) (Ill. Rev. Stat. 1971, ch. 110A, sec. 402(a)(2)), we are of the opinion there is sufficient in this record to warrant affirmation. However, the form used by the Kane County Circuit Court on a plea of guilty is not a substitute for the admonishment by the court as required under the foregoing rule. In *People v. Doyle*, 20 Ill.2d 163, 167, the Illinois Supreme Court stated that the remarks and advice of the court in complying with the rule relating to acceptance of a plea of guilty must be read in a practical and realistic manner. While that decision referred to the predecessor of this rule, the same principle is applicable. As in the *Doyle* case, the essentials of the rule have been complied with and the defendant must be taken to have understood the effects of his plea of guilty. See also *People v. Suriwka*, 2 Ill.App.3d 384, 389, and *People v. Wright*, 2 Ill.App.3d 304, 306.

■■ As stated above, the trial court sentenced the defendant to serve not less than 15 nor more than 25 years on the murder conviction and to not less than 7 nor more than 15 years on the conviction of attempted murder, both sentences to run concurrently. The State's Attorney recommended 14 to 20 years on the murder conviction. No purpose would be served in reciting the evidence which the trial court considered in fixing sentence. The matter of sentencing is within the sound discretion of the trial court which will not be disturbed unless there is a patent abuse of discretion. The sentence here was within the statutory limits and we see no reason to disturb the sentence fixed by the trial judge.

Judgment affirmed.

SEIDENFELD, P. J., and GUILD, J., concur.