THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WALTER TENNYSON, Defendant-Appellant.

(No. 57061; )

First District—December 13, 1972.

Frederick F. Cohn, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, David Novoselsky, and Mark Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

On April 26, 1971, Walter Tennyson was convicted of murder in the Circuit Court of Cook County. Following a conference, the defendant entered a plea of guilty and was sentenced to a term of from fourteen to twenty-five years in the Illinois State Penitentiary. On October 5, 1971, the defendant filed a motion to vacate his guilty plea under both the Post-Conviction Act (Ill. Rev. Stat., ch. 38, sec. 122), and Section 72 of the Illinois Civil Practice Act. (Ill. Rev. Stat., ch. 110, sec. 72.) Relief under such motion was denied, and the defendant herein appeals.

The sole issue presented for review is whether the trial judge erred in failing to admonish the defendant of the nature of the charge against him and of his right to confront witnesses, as required by Supreme Court Rule 402, prior to the court's acceptance of his guilty plea.

The record reflects that on April 26, 1971, prior to accepting the defendant's plea, the trial court ascertained the voluntariness of the defendant's guilty plea as well as the defendant's understanding of what a jury trial was. The judge also informed the defendant of his right to a jury trial and the minimum and maximum sentences which he could receive if he entered a guilty plea.

The defendant contends the trial court accepted his guilty plea without first informing him of the nature of the charge against him and of his right to confront witnesses, both of which are required by Supreme Court Rule 402. (Ill. Rev. Stat., ch. 110A, sec. 402.) In support of this contention the defendant on oral argument cited the case of *People v. Cummings* (1972), 7 Ill.App.3d 306, 287 N.E.2d 291, wherein the judgment of the trial court was reversed as being contrary to the requirements of Supreme Court Rule 402.

■■ Supreme Court Rule 402 requires a defendant be informed of the nature of the charge against him and of his right to confront witnesses prior to acceptance of his guilty plea. The rule, however, requires only

substantial compliance with its provisions. (*People v. Reed* (1972), 3 Ill.App.3d 293.) Moreover, the Illinois Supreme Court has indicated a realistic approach to the construction of Rule 402. *People v. Mendoza* (1971), 48 Ill.2d 371.

The rule that a defendant be informed of the nature of the charge against him does not require a recitation of all facts and elements therein. The admonishment of the crime by name has been held sufficient to conform to the rule. *People v. Wright* (1972), 2 Ill.App.3d 304.

The rule that a defendant must be warned of his right to confront witnesses against him does not require a lengthy detailed explanation of each possible witness. In *People v. Mendoza, supra,* the defendant argued that he was not informed of his right to confront witnesses. The defendant therein was similarly informed of his right to a jury trial and the minimum and maximum penalties facing him. In confirming his conviction, the Supreme Court stated:

> "The record of the trial court's admonition to the defendant at the change-of-plea proceedings shows substantial compliance with our Rule 402."

■■ The present record establishes that the defendant was aware of the nature of his plea. The judge, in substantial compliance with Rule 402, comprehensively: (a) ascertained the defendant's plea was voluntary; (b) informed the defendant of the maximum and minimum penalties which he could receive for the crime charged; (c) inquired into whether the defendant fully understood the nature of a jury trial; and (d) informed the defendant of his right to a jury trial. In addition to this substantial compliance with Rule 402, it was agreed by both the State and defendant's privately retained counsel that this was a negotiated plea, and the defendant knew in advance that his sentence would be fourteen to twenty-five years. In view of these facts, *People v. Cummings, supra,* relied upon by the defendant is readily distinguished from the instant case and does not apply. In *People v. Cummings,* the defendant signed a printed waiver form and, unlike the instant case, was never addressed by the trial judge in open court as to those questions required by Rule 402. It was for these reasons that the reviewing court reversed the defendant's conviction as not being in substantial compliance with Supreme Court Rule 402. We, therefore, reject the defendant's contention that the trial judge erred in accepting the defendant's guilty plea.

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.