THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EARL H. REEVES, Defendant-Appellant.

(No. 59608; ■■■■■■■■■■

First District (4th Division)—January 22, 1975.

Paul Bradley and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Barry Rand Elden, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The defendant-appellant was indicted for murder and on January 23, 1973, he withdrew his previously entered plea of not guilty and pled guilty to the offense charged. Defendant was sentenced to a term of not less than 15 nor more than 20 years and now appeals. Defendant maintains that his guilty plea was accepted without adherence to Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 38, par. 402) in that he was not properly admonished as to the nature of the charge and that he could persist in his plea of not guilty. We find no merit in this contention.

The record establishes that the defendant's plea of guilty was the result of plea negotiations between the trial court, assistant State's attorneys and defense counsel. At the conclusion of the conference held on January 23, 1973, the following colloquy occurred between the trial court and defendant.

"THE COURT: Earl Reeves, you understand you are charged with a two-count indictment for murder, do you understand that?
THE DEFENDANT: Yes.
THE COURT: Your counsel advises me that you wish to change your plea of not guilty to a plea of guilty, is that correct?
THE DEFENDANT: Yes.
THE COURT: When you plead guilty, you automatically waive your right to a jury trial, bench trial and the right to be confronted by the witnesses, do you understand that?
THE DEFENDANT: Yes.
THE COURT: You waive those rights. Before accepting your plea of guilty, it is my duty to advise you that on your plea of guilty to this indictment which charges you with murder, you may be sentenced to the penitentiary, the maximum term for which is any term in excess of 14 years, do you understand that?
THE DEFENDANT: Yes."

The court also advised the defendant that as a result of the conferences that were held it had determined that there was a factual basis to sustain a plea of guilty and that on a plea of guilty it would impose a sentence of not less than 15 nor more than 20 years. Defendant informed the court that this was acceptable to him.

A stipulation was entered which revealed that on June 24, 1972, defendant entered an apartment and began a verbal altercation with the victim, Rosetta Bracey. During the quarrel the defendant came into possession of an ice pick and stabbed the victim in excess of 100 times, causing her death. It was also stipulated that certain technical evidence connecting the defendant with the crime would be offered into evidence as well as an oral and written confession.

Supreme Court Rule 402 directs that there be substantial compliance with the requirement that the trial court inform the defendant of and determine that he understands the nature of the charge against him. Defendant maintains that he was not properly admonished as to the nature of the charge in that the trial court's only admonition in this regard was: "Earl Reeves, you understand you are charged with a two-count indictment for murder, you understand that?" This very court, Mr. Justice Dieringer speaking, has held that reference by name to the crime charged is sufficient to comply with the requirement of Supreme Court Rule 402. (*People v. Wintersmith*, 9 Ill.App.3d 327, 292 N.E.2d 220 (1972); *People v. Tennyson*, 9 Ill.App.3d 329, 292 N.E.2d 223 (1972).) In *Wintersmith*, at page 328, we stated: "The rule that a defendant must be informed of the nature of the charge does not require the court to recite all the facts therein. The admonishment of the crime

by name has been held sufficient to apprise the defendant of the nature of the crime charged. (*People v. Wright*, 2 Ill.App.3d 304, 275 N.E.2d 735; *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320.)" Similarly, in the case at bar, we find the trial court's reference to the crime of murder by name was sufficient to apprise the defendant of the nature of the crime charged.

■■ This court is aware of the contrary position other districts of the Illinois Appellate Court have taken as to the sufficiency of referring by name to the crime charged. (See *People v. Ingeneri*, 7 Ill.App.3d 809, 288 N.E.2d 550 (5th Dist. 1972); *People v. Krantz*, 12 Ill.App.3d 38, 297 N.E.2d 386 (4th Dist. 1973), *Reversed*, 58 Ill.2d 187 (1974); *People v. Triplett*, 18 Ill.App.3d 619, 310 N.E.2d 428 (5th Dist. 1974).) However, our supreme court has held that a literal compliance with Supreme Court Rule 402 is not necessary, but what is required is that the mandates of the rule be substantially followed. (*People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30 (1971).) We, therefore, adhere to our previous holdings that referring by name to the crime charged is sufficient to advise a defendant of the nature of the charge against him. When we read the record in the case at bar in a practical and realistic manner, we are of the opinion that there was substantial compliance with Supreme Court Rule 402 and that the defendant was adequately admonished as to the nature of the charge against him.

Defendant also maintains that the trial court's failure to admonish him as to his right to persist in his plea of not guilty voids his guilty plea. However, as our supreme court stated in *Mendoza, supra,* at page 374:

> "The fact that defendant was not specifically admonished by the court, on the record, as to each and every consequence of his plea does not sufficiently demonstrate that he was, in fact, unaware of these consequences." (48 Ill.2d 371, 374.)

The circumstances of each case must be examined in order to determine whether there has been substantial compliance with Supreme Court Rule 402 and whether the defendant understood the consequences of his guilty plea. *People v. Charleston*, 14 Ill.App.3d 452, 302 N.E.2d 687 (1973).

■■ In the case at bar, defendant had originally pleaded not guilty but, pursuant to plea negotiations, decided to plead guilty. He was advised as to the results of the conferences that were held and indicated his acceptance of them. Defendant also indicated that no force, threats or promises other than the plea agreement were utilized to obtain his change of plea. The trial court advised defendant of his right to a jury trial, his right to confront the witnesses against him, and the minimum and maximum sentence that could be imposed for murder. Under the

circumstances of this case we find there was substantial compliance with Supreme Court Rule 402.

For the reasons herein stated, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.