THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LLOYD ROBINSON, Defendant-Appellant.

(No. 59196;

First District (2nd Division)—May 6, 1975.

758

LEIGHTON, J., concurring in part and dissenting in part.

James J. Doherty, Public Defender, of Chicago (Phillip A. Olson and Matthew J. Beemsterboer, Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and Thomas D. Rafter, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE HAYES delivered the opinion of the court:

Lloyd Robinson (hereafter defendant) was charged by indictment with the crimes of rape, contributing to the sexual delinquency of a child, indecent liberties with a child, and armed robbery (Ill. Rev. Stat. 1971, ch. 38, pars. 11—1, 11—5, 11—4, 18—2). On 19 March 1973, defendant entered a negotiated plea of guilty to the crime of rape only and was sentenced to a term of 4 years to 4 years and 1 day. Defendant appeals, contending that the trial judge in accepting his plea of guilty failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402), and that this court should dismiss the other counts of the indictment to which the defendant did not enter a plea of guilty.

On 19 March 1973, when defendant's case was called, the trial judge stated that it was his understanding that there was to be a negotiated plea of guilty. In response to the trial judge's statement to defendant that defendant was charged with the offense of rape and to the question of the trial judge as to whether he understood that fact, defendant stated that he understood that the indictment charged him with the crime of rape.[1] The trial judge informed defendant that by entering a plea of guilty he would waive his constitutional right to have a jury of 12 people selected who would hear evidence and determine his guilt or to have a bench trial. Defendant was informed that in any type of a trial he would

---

[1] At his arraignment defendant had been furnished with a copy of the indictment.

be presumed innocent, have the right to confront the witnesses. against him, and have a right not to incriminate himself. Defendant was advised as to the possible statutory penalty for the crime of rape. Defendant stated that he understood that there had been a pretrial conference and that upon a plea of guilty to the charge of rape he would be sentenced to a term of 4 years to 4 years and 1 day. Defendant was again advised that he was charged with the crime of rape and he stated that he wished to enter a plea of guilty to that charge. The trial judge stated that he was satisfied from a reading of the State's grand jury minutes and the conversation which occurred at the pretrial conference that there was a factual basis for the plea of guilty. Defendant's plea of guilty was then accepted by the trial court.

Defendant's first contention on appeal is that the trial judge in accepting his plea of guilty failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402). Specifically, defendant contends that there was no substantial compliance with Supreme Court Rule 402 (a)(1) or with Supreme Court Rule 402(c).

Before dealing with each of these specific contentions, we note that the decision of our supreme court in *People v. Krantz* (1974), 58 Ill.2d 187, 193, 317 N.E.2d 559, demonstrates that under some circumstances there may be an interrelationship between Rule 402(a)(1) and Rule 402(c) in that certain methods of complying with Rule 402(c) have the added side effect of aiding in the compliance with Rule(a)(1). In *Krantz*, the supreme court first noted that only substantial compliance with Rule 402 (a)(1) is necessary,[2] and then held that the entire record may be considered in determining whether there was such substantial compliance. In *Krantz*, the record revealed that defendant Krantz was first informed of the nature of the charge by its name only (forgery), but then later personally acquiesced to the State's attorney's open-court recitation of the factual basis of the plea,[3] and stated in open court his reasons for having committed the offense. This combination of factors was held to constitute substantial compliance with Supreme Court Rule 402(a)(1).

In the instant case, however, the method used at the change of plea hearing to effect substantial compliance with Rule 402(c) was not such as to produce any side effect of aiding in the substantial compliance with Rule 402(a)(1), and *Krantz* is not dispositive of the instant case. Nor

---

[2] Strict compliance with Rule 402 is not required. *People v. Warship* (1974), 59 Ill.2d 125, 129, 319 N.E.2d 507.

[3] This factor also constitutes substantial compliance with Supreme Court Rule 402(c).

have we found or had cited to us any supreme court case deciding the precise issue raised by defendant in the instant case under Rule 402(a)(1).

That issue is: Is there substantial compliance with the requirement that the trial court, before accepting a plea of guilty, personally inform defendant, in open court, of the nature of the offense with which he has been charged, when the trial court merely names the said offense? The indictment was not read to defendant; the factual basis for the plea was not read into the record by the prosecutor in the presence of defendant without objection, nor was the factual basis for the plea stipulated into the record by the prosecutor and defense counsel in the presence of defendant without objection (*People v. Hardaman* (1974), 59 Ill.2d 155, 157, 319 N.E.2d 800); nor did defendant relate to the court his own understanding of the nature of the offense or a recital of his own conduct and intent. There was simply (on two occasions) a statement by the trial judge to defendant in open court that defendant was charged with the offense of rape and a response by defendant that he understood that.

The only authority in point on this narrow issue which we have been able to find consists of pre-*Krantz* appellate court decisions, which are in conflict.

One line of appellate court decisions (mostly from the First District but with several from the Second and Third Districts) holds that a defendant is sufficiently informed of the nature of the offense with which he is charged by merely being personally informed of the offense by the trial judge in open court by its name. This is said to be sufficient to advise the defendant of the "essence, general character, kind or sort" of offense which he is accused of having committed. *People v. Carter* (2d Dist. 1969), 107 Ill.App.2d 474, 246 N.E.2d 320;[4] *cert. denied*, 397 U.S. 1008, 25 L.Ed.2d 421, 90 S.Ct. 1236; *People v. Palmer* (1st Dist. 1971), 1 Ill.App.3d 492, 274 N.E.2d 910; *People v. Wright* (1st Dist. 1971), 2 Ill.App.3d 304, 275 N.E.2d 735;[5] *People v. Tennyson* (1st Dist. 1972), 9 Ill.App.3d 329, 292 N.E.2d 223; *People v. Bell* (3rd Dist. 1974), 17 Ill.App.3d 1077, 309 N.E.2d 238.

A contrary line of appellate court decisions (mostly from the Fifth District but with several from the Fourth District) holds that Rule 402(a)(1) requires more than merely naming the offense. These cases gen-

---

[4] In *Carter*, the factual basis for the plea was in the record, but the opinion does not appear to attach any significance to that circumstance.

[5] The foregoing three cases involve the then Supreme Court Rule 401(b), which is the present Supreme Court Rule 402(a)(1).

erically require that the defendant be informed of the essential elements of the named offense and of his acts and states of mind which are alleged to constitute those essential elements of his specific offense. This requirement may be fulfilled by reading the indictment or information to the defendant. Some cases hold that it is fulfilled where the defendant recites to the court his own understanding of the nature of the offense with which he is charged or his own account of his conduct and intent. *People v. Krouse* (5th Dist. 1972), 7 Ill.App.3d 754, 288 N.E.2d 543; *People v. Hudson* (5th Dist. 1972), 7 Ill.App.3d 800, 288 N.E.2d 533; *People v. Ingeneri* (5th Dist. 1972), 7 Ill.App.3d 809, 288 N.E.2d 550; *People v. Bauswell* (4th Dist. 1973), 12 Ill.App.3d 35, 297 N.E.2d 389; *People v. Horne* (5th Dist. 1974), 21 Ill.App.3d 10, 314 N.E.2d 633 (rape).

From this survey of Illinois decisions,[6] we conclude that there is no supreme court decision squarely in point on the narrow issue presented in the instant case. We also conclude that the only authority for the proposition that merely naming the charge is substantial compliance with Rule 402(a)(1) consists of the pre-*Krantz* cases of the First, Second, and Third Districts.[7]

Since *Krantz* does not hold that anything less than the combination of factors there involved would fail to constitute substantial compliance with Supreme Court Rule 402(a)(1), and since the pre-*Krantz* holdings of the First, Second, and Third Districts are in point,[8] we hold in the instant case, that Supreme Court Rule 402(a)(1) was substantially complied with when the trial judge twice personally informed defendant in open court that he was charged with the offense of rape and defendant replied that he understood that the indictment charged him with the offense of rape.

Moreover, we note that, in *People v. Dudley* (1974), 58 Ill.2d 57, 316 N.E.2d 773, the supreme court held that error had been committed by the trial court in that the trial court had failed to comply at all with two requirements of Supreme Court Rule 402(b), where the plea of

---

[6] For another survey of the Illinois decisions, see *People v. Coleman* (1974), 23 Ill.App.3d 669, 320 N.E.2d 125.

[7] The issue has not been presented in any post-*Krantz* decision which we have been able to find, because in those cases consideration of the entire trial record has supplied additional factors which in totality were held to constitute substantial compliance.

[8] We are aware of the forceful disagreement of the Fifth District as to the charge of rape in its pre-*Krantz* decision in *People v. Horne, supra.* But the Fifth District has, of course, accepted the less exacting standards of *Krantz* in its post-*Krantz* decisions. See *People v. Ginder* (1975), 26 Ill.App.3d 295, 324 N.E.2d 703.

guilty was the result of a plea agreement (namely, the agreement shall be stated in open court, and the court shall confirm the terms of the agreement by questioning defendant personally in open court). The supreme court, however, then held:

> "It does not follow, however, that the failure to comply with these provisions of Rule 402(b) must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. * * * What we observed in *People v. Morehead*, 45 Ill.2d 326, 332, is appropriate here: 'It is not the policy of this court to reverse a judgment of conviction merely because error was committed unless it appears that real justice has been denied * * *.'" (58 Ill. 2d 57, 60-61.)

To the same effect are *People v. Ellis* (1974), 59 Ill.2d 255, 320 N.E.2d 15, and *People v. Van Gilder* (1975), 26 Ill.App.3d 152, 324 N.E.2d 715.

Similarly, even were we to hold that error had been committed in the instant case in that there was no substantial compliance with Rule 402 (a)(1), we can discern no harm or prejudice to defendant thereby. At his arraignment defendant had received a copy of the indictment and, in the change of plea hearing, he conceded that he knew that the indictment charged him with the offense of rape. Minimum essential facts must have been alleged in the indictment, because no issue has been raised as to its sufficiency. The sentence negotiated and imposed was the minimum for the offense of rape. (Ill. Rev. Stat. 1973, ch. 38, par. 11—1 (c); pars. 1005—8—1(b)(2) and (c)(2).) There is no claim that the plea of defendant, who was represented by counsel, was not voluntary or that the plea agreement had not been performed. The only other claim of error (which we reject in paragraphs immediately following) was a failure to comply with Supreme Court Rule 402(c) in that the trial court failed properly to determine that there was a factual basis for the plea. We are unable to conclude that it appears that real justice has been denied.

■■ In summary, then, we hold that there was substantial compliance with Rule 402(a)(1) and that, even had there not been, the error did not harm or prejudice defendant and was not, therefore, reversible error.

■■ Defendant also contends that the trial court did not properly determine that there was a factual basis for his plea of guilty. Supreme Court Rule 402(c) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(c)) provides that "[t]he court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." However, the rule does not require that the factual basis be set forth on the record.

(*People v. Reddick* (1973), 11 Ill.App.3d 492, 297 N.E.2d 360.) In *People v. Doe* (1972), 6 Ill.App.3d 799, 286 N.E.2d 645, this court held that a factual basis for defendant's plea of guilty was found in the trial judge's statement that he was satisfied from the plea discussion conference that there was a factual basis for the plea of guilty.

■■ In the case at bar, the trial judge stated that he was satisfied from reading the State's grand jury minutes and his conversations with both sides during the plea negotiation conference that there was a factual basis for defendant's plea of guilty. These statements by the trial judge were sufficient to comply substantially with Supreme Court Rule 402(c).

■■ Defendant's second contention on appeal is that this court should dismiss the three counts of the indictment to which the defendant did not enter a plea of guilty. The record demonstrates that defendant was initially charged by indictment with the crimes of rape, indecent liberties with a child, contributing to the sexual delinquency of the child, and armed robbery. Defendant entered a plea of guilty only as to the crime of rape and was sentenced only on that charge. The record does not show any disposition of the other three counts of the indictment in the trial court. Since defendant was not convicted or sentenced on the other three counts of the indictment, there are no appealable orders with respect to those counts and the matter is, therefore, not properly before this court. *People v. De Groot* (1968), 108 Ill.App.2d 1, 247 N.E.2d 177.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DOWNING, P. J., concurs.

Mr. JUSTICE LEIGHTON, concurring in part and dissenting in part:

It is axiomatic that when a defendant is charged and tried, but not convicted or sentenced, we do not have jurisdiction of that part of his case which was undisposed in the trial court. (*People v. Hougas*, 91 Ill. App.2d 246, 234 N.E.2d 63; 15 I.L.P. *Criminal Law* § 843 (1968).) Therefore, I agree that we cannot, as defendant requests, dismiss the three counts of the indictment to which he did not plead, on which he was not found guilty, and for which he was not sentenced. *People v. Randall*, 25 Ill.2d 431, 185 N.E.2d 146.

However, I do not agree with the resolution my brethren in the majority make of the other issue in this appeal. The issue is whether defendant's guilty plea was intelligently and understandingly made when the admonishment given him by the trial judge concerning the nature of the charge consisted of naming the offense twice. The record shows that the

trial judge was told defendant was going to plead guilty. Supreme Court Rule 402 required that he be admonished concerning the consequences of his plea. The rule forbad the court from accepting the guilty plea without the trial judge first addressing the defendant personally in open court, informing him of and determining that he understood the nature of the charge. Supreme Court Rule 402(a)(1), Ill. Rev. Stat. 1971, ch. 110A, par. 402(a)(1).

It is true that a copy of the indictment was furnished the defendant. But the record does not show that its contents were read either by or to him before his plea was accepted. No statement of the trial judge, the defense counsel or the prosecuting attorney told defendant what the State was claiming he had done. The only reference to the nature of the charge was the name of the offense, mentioned twice by the trial judge. Logically, the nature of the charge consists of two parts: (1) the act and intent (if any) required to constitute the crime, and (2) the alleged act or acts, together with the intent (if any) with which the alleged act or acts were committed, which are attributed to the defendant in the particular case. (*People v. Hudson*, 7 Ill.App.3d 800, 802, 288 N.E.2d 533.) Neither of these parts, however, was explained to defendant in the admonishment he was given; and nothing else was said by anyone. Therefore, this case is distinguishable from *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559, where, without objection, the prosecuting attorney gave an open-court recital of the criminal conduct the State was going to prove.

I think it is important to remember that when the defendant pled guilty, he waived several Federal constitutional rights. First, he surrendered his privilege against compulsory incrimination guaranteed him by the fifth amendment to the Constitution of the United States and made applicable to the states by reason of the fourteenth. (*Malloy v. Hogan*, (1964), 378 U.S. 1, 12 L.Ed.2d 653, 84 S.Ct. 1489.) Second, he surrendered his right to a trial by jury. (*Duncan v. Louisiana* (1968), 391 U.S. 145, 20 L.Ed.2d 491, 88 S.Ct. 1444.) Third, he surrendered his right to confront his accusers. (*Pointer v. Texas* (1965), 380 U.S. 400, 13 L.Ed.2d 923, 85 S.Ct. 1065.) Whether, at that time, he effectively waived these constitutional rights is to be determined by Federal, not State standards. (*Douglas v. Alabama* (1965), 380 U.S. 415, 422, 13 L.Ed.2d 934; 85 S.Ct. 1074.) The standards applicable to this case are the requirements for guilty pleas in State courts announced by the Supreme Court of the United States in *Boykin v. Alabama* (1969), 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. Supreme Court Rule 402 was adopted in this State to insure compliance with those requirements. (See Committee Comments, Ill. Ann. Stat. ch. 110A, § 402 (Smith-Hurd 1974 Supp.).) And in providing for compliance with *Boykin*, that rule mandates the admonish-

ment of a defendant concerning the nature of the charge to which he pleads guilty.

Despite these important constitutional considerations, the majority concludes that telling the defendant twice that he was charged with rape, the name of the offense to which he was pleading guilty, adequately admonished him concerning the nature of the charge. I cannot accept this conclusion. The admonishment of this defendant did not comply with the requirements of *Boykin*; it did not obey the mandate of Supreme Court Rule 402(a)(1). *People v. Horne*, 21 Ill.App.3d 10, 314 N.E.2d 633; *People v. Green*, 12 Ill.App.3d 418, 299 N.E.2d 535.

I say this with full knowledge that in a number of instances other appellate court judges have said that telling a defendant the name of an offense admonishes him concerning the nature of the charge. These instances are *People v. Carter*, 107 Ill.App.2d 474, 246 N.E.2d 320; *People v. Palmer*, 1 Ill.App.3d 492, 274 N.E.2d 910; *People v. Wright*, 2 Ill.App. 3d 304, 275 N.E.2d 735; *People v. Tennyson*, 9 Ill.App.3d 329, 292 N.E. 2d 223, and *People v. Bell*, 17 Ill.App.3d 1077, 309 N.E.2d 238. It should be noticed, however, that *Carter*, *Palmer* and *Wright* were cases that did not involve application or construction of Supreme Court Rule 402(a) (1). *Tennyson* and *Bell* were unlike the case before us. In each, the record disclosed facts, other than the name of the offense, by which the defendant was told the nature of the charge.

More recently, in *People v. Reeves*, 25 Ill.App.3d 674, 323 N.E.2d 794, it was said by the division of our court which decided *Tennyson* that "* * * the trial court's reference to the crime of murder by name was sufficient to apprise the defendant of the nature of the crime charged." (25 Ill.App.3d 674, 677.) However, the record in *Reeves* shows that before the plea of guilty was accepted, the facts underlying the charge were stated in the defendant's presence as part of a stipulation into which the parties had entered. This was not done in the case we are reviewing. Here, the only reference to the nature of the charge was the name of the offense, stated twice, by the trial judge. I think it is unfortunate that the opinion of the majority elevates a dictum from distinguishable cases to a rule of law which, when applied by trial judges, will make a mockery of an important provision in Supreme Court Rule 402 and result in mass noncompliance with the requirements of *Boykin*.

A defendant, in my view, is not adequately admonished concerning the nature of the charge to which he pleads guilty when he is only told the name of the offense the State claims he committed. As one who has spent a professional lifetime studying criminal law, practicing it, teaching it to intelligent students, and applying it to cases, I know that telling a defendant only the name of an offense does not tell him the nature of the

charge against him. Therefore, it is my judgment that the trial judge erred in accepting defendant's plea of guilty. That error, because of the constitutional rights involved, was prejudicial, not harmless. For these reasons, I respectfully dissent from that part of the majority's opinion which holds that acceptance of defendant's plea of guilty was not error, but if error, was harmless.