(No. 47673.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. LLOYD ROBINSON, Appellant.

*Opinion filed March 29, 1976.*

142

James J. Doherty, Public Defender, of Chicago (John Thomas Moran and Deborah N. Michels, Assistant Public Defenders, of counsel), for appellant.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, and Laurence J. Bolon and Eugene J. Rudnik, Jr., Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

Pursuant to a plea agreement the defendant, Lloyd Robinson, in the circuit court of Cook County, entered a plea of guilty to an indictment charging him with the offense of rape. The appellate court affirmed the conviction with one justice dissenting. (28 Ill. App. 3d 757.) We granted defendant leave to appeal.

It is defendant's contention in this court that he was not properly admonished as to the "nature of the charge" as required by Rule 402(a)(1) (58 Ill.2d R. 402(a)(1)).

On April 1, 1972, a 15-year-old girl was threatened with a knife, raped, beaten and robbed of $11. The defendant was arrested and identified by the complaining witness in a lineup. Complaints were then filed charging him with forcible rape and armed robbery. A preliminary hearing was held at which the defendant was present. The complaining witness testified and identified him, and the court found there was probable cause to believe he had committed the offenses. The matter was then presented to the grand jury.

The defendant was indicted on June 29, 1972, in a four-count indictment charging him with rape, contributing to the sexual delinquency of a child, indecent liberties with a child and armed robbery. At the arraignment counsel was appointed for the defendant, and a copy of the indictment was furnished to him. His counsel acknowledged receipt of the copy and waived the formal reading of the indictment in court.

Several continuances were had, and later in response to a discovery motion made by defense counsel the prosecution furnished to the defendant, among other things, copies of police reports which contained summaries of the investigating officers concerning the incident, including summaries of the statement by the complaining witness. The discovery motion also requested that transcripts of the testimony of witnesses before the grand jury

be furnished. The transcript of the grand jury testimony of the complaining witness and a police officer was available prior to the entry of the guilty plea, and the trial judge, following the entry of the plea, stated that he had read the grand jury testimony and was satisfied that there was a factual basis for the plea. In her testimony before the grand jury the complaining witness had detailed the facts of the rape and robbery.

On March 19, 1973, the defendant appeared in court with his counsel. At that time the court stated that it understood there had been a negotiated plea, and defendant's counsel confirmed this understanding. The transcript discloses that the court had participated in the plea discussions. The court then admonished the defendant and stated:

> "THE COURT: *** In this indictment you are charged with the offense of rape.
> THE DEFENDANT: Yes, sir."

The court further informed the defendant of the penalty for rape and also informed him that the court had agreed that upon a plea of guilty it would impose a sentence of not less than four years nor more than four years and one day and stated:

> "THE COURT: Knowing these things, is it your desire to plead guilty or not guilty? You are charged with rape.
> THE DEFENDANT: Guilty."

The plea was accepted and the agreed sentence was imposed.

It is defendant's contention that by only informing the defendant that he was charged with rape the court did not inform him of the "nature of the charge" as is required by Rule 402(a)(1). The defendant contends that this provision of the rule requires the court to advise him of the essential elements of the offense of rape and not simply to name the offense. We do not agree.

The opinion of the appellate court recognizes the

conflict that exists in the various decisions of the appellate court of this State on this issue and cites the conflicting cases. (28 Ill. App. 3d 757, 760-61.) It is not necessary in this opinion to again cite these cases or to discuss or rationalize the differences.

Rule 402(a) provides:

"***

(a) *Admonitions to Defendant.* The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
(1) the nature of the charge;
* * *."

In *People v. Krantz,* 58 Ill.2d 187, we noted that Rule 402 requires that there be only *substantial,* not literal, compliance with its provisions. In one of the cases consolidated for decision in *Krantz,* as in our case, the defendant had only been informed of the name of the offense with which he was charged (forgery). There the prosecutor had summarized in court what the evidence would prove. We held that a review of the record showed that the requirements of Rule 402 had been satisfied.

It must be remembered that the requirements of Rule 402(a)(1) are two-pronged. The court by addressing the defendant in open court (1) must inform him of the nature of the charge, and (2) must determine that he understands the nature of the charge. There has been a tendency to focus only on the admonitions required to accomplish the first of these, whereas it is just as important that the court determine that the defendant understands the nature of the charge to which he is pleading guilty.

The defendant was represented by counsel throughout the entire proceeding. At the arraignment a copy of the indictment with the specific allegations concerning the offense was furnished to the defendant. As a result of plea negotiations an agreement was reached with regard to the penalty. The court concurred in the plea agreement and in

open court informed the defendant of the agreement. After being so informed the defendant entered his plea of guilty. He received the penalty agreed upon, which was the absolute minimum both as to the maximum number of years and the minimum number of years that could be imposed for rape under the provisions of the statute (Ill. Rev. Stat. 1973, ch. 38, pars. 11—1(c), 1005—8—1(b)(2), (c)(2)). The defendant does not contend that he did not understand the nature of the charge to which he pleaded. He does not contend that he was in any way prejudiced by what he claims to be deficient information concerning the nature of the charge. He does not contend that the plea was induced by inadequate representation by his attorney. Also, as is too often the case, he does not contend that he is not guilty of the offense to which he has pleaded guilty.

This court has held on numerous occasions that the entire record may be considered in determining whether or not there was an understanding by the accused of the nature of the charge. (*People v. Krantz,* 58 Ill.2d 187; *People v. Ellis,* 59 Ill.2d 255; *People v. Warship,* 59 Ill.2d 125.) When a defendant is represented by counsel and enters a plea of guilty pursuant to a plea agreement it is appropriate to inform him of the nature of the charge by naming the offense. Under these circumstances the record reflects substantial compliance with Rule 402(a)(1). We will not set aside a judgment entered on such a plea of guilty absent an allegation and proof of prejudice.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*