THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL ALLEN NOLTE, Defendant-Appellant.

Third District   No. 3—87—0429

Opinion filed April 12, 1988.

HEIPLE, J., dissenting.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

In February of 1987 the defendant, Michael Allen Nolte, pled guilty to two counts of burglary. While awaiting sentencing the defendant escaped from prison. The defendant was subsequently captured and charged with escape (Ill. Rev. Stat. 1985, ch. 38, par. 31—6(a)).

At a joint sentencing hearing the defendant was admonished that the maximum penalty he could receive for the escape offense was seven years' imprisonment. The trial judge failed to inform him of the possibility of a consecutive term of imprisonment. The defendant subsequently pled guilty to the charge of escape and was sentenced to a

determinate term of seven years' imprisonment to be served consecutively to his two burglary convictions.

The defendant's motion to withdraw the plea was denied and this appeal ensued. The defendant asserts that the consecutive term of imprisonment was unavailable as a sentencing alternative because the trial judge failed to inform him of the possibility of a consecutive sentence.

■ Supreme Court Rule 402 requires that the trial court advise the defendant of the potential for a consecutive sentence. 107 Ill. 2d R. 402.

Rule 402 is the embodiment of constitutional and statutory standards for trial court procedure at plea dispositions. (*People v. Bell* (1974), 17 Ill. App. 3d 1077, 309 N.E.2d 238.) The trial court must follow this rule, which leaves little, if any, room for indulgence in presumption. *People v. Short* (1972), 4 Ill. App. 3d 849, 281 N.E.2d 785.

The substance of the requirement that the defendant be given an explanation regarding the possible penalty is that a defendant must understand his rights and the limits of his exposure to punishment. (*People v. Spicer* (1973), 10 Ill. App. 3d 390, 294 N.E.2d 72.) Where appropriate, an admonition concerning possible consecutive sentences is required under this rule. *People v. Dye* (1974), 23 Ill. App. 3d 431, 319 N.E.2d 541.

■ In the instant case, the defendant's guilty plea must be deemed involuntary inasmuch as the plea and subsequent sentence were not preceded by adequate warnings to the defendant.

For all the foregoing reasons, and in accord with the case law of this State, we vacate the sentence, vacate the plea, and remand this case to the circuit court of Tazewell County with directions that the defendant be allowed to plead anew.

Vacated and remanded with directions.

BARRY, J., concurs.

JUSTICE HEIPLE, dissenting:

In applying Supreme Court Rule 402 and vacating the plea and sentence in the case, the majority has ignored the relevant facts, as well as long-standing Illinois law. The first relevant fact the majority overlooked is that the defendant failed to raise the issue of improper admonishment at his sentencing hearing or in his motion to withdraw his guilty plea. Our supreme court has repeatedly emphasized that any error not raised in a post-trial motion is waived on appeal. (See

*People v. Adkisson* (1980), 83 Ill. 2d 1, 7 (and cases cited therein).) Furthermore, as the *Adkisson* court noted, the waiver rule set forth in Supreme Court Rule 604(d) could scarcely have been more definite, as it provides: "Upon appeal any issue not raised by the defendant in the motion to withdraw the plea of guilty and vacate the judgment shall be deemed waived." (107 Ill. 2d R. 604(d).) As Illinois courts have stated in numerous opinions, the purpose of the waiver rule is to encourage timely objections to trial court errors in order to permit review and correction by the trial court, rather than to reward the nonobjecting party with a reversal for an inexcusable failure to act. By failing to raise the issue at the sentencing hearing or in the post-trial motion, the defendant has waived the argument. (See also *People v. Shiflet* (1984), 125 Ill. App. 3d 161.) Accordingly, the majority should not have considered the issue, but should have summarily affirmed the order of the trial court.

The second important fact the majority ignored is that not only did the defendant fail to object to the imposition of a consecutive sentence at the sentencing hearing, he specifically informed the trial court that a consecutive sentence for the offense of escape was available. This court has previously held that it cannot allow a defendant to complain of an error which he invited or in which he acquiesced. (*People v. Beavers* (1986), 141 Ill. App. 3d 790.) Having informed the trial court at the hearing of the availability of a consecutive sentence, the defendant cannot on appeal contradictorily claim that the court could not impose a consecutive sentence.

Because the defendant invited a consecutive sentence, and then failed to object to its imposition either at his sentencing hearing or in his motion to vacate the plea, the majority erred in considering the propriety of a consecutive sentence on appeal. The sentence was entirely appropriate and the trial court should have been affirmed. For the foregoing reasons, I respectfully dissent.