THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL MILLER, Defendant-Appellant.

(No. 55857;

First District—June 27, 1972.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Richard Neville, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Defendant was indicted for the crimes of murder, attempt murder and attempt armed robbery. At his arraignment the Public Defender was appointed to represent him and a plea of not guilty was entered. Defendant subsequently withdrew his plea of not guilty and pleaded guilty. He was sentenced to a term of 50 to 100 years for murder, 15 to 20 years for attempt murder and 10 to 14 years for attempt armed robbery, all sentences to run concurrently.

Defendant, represented by the Public Defender, subsequently filed a notice of appeal. The Public Defender now seeks to withdraw. He has filed a brief in support of his motion pursuant to *Anders v. California*, 386 U.S. 738, and states that from a review of the record the only basis for an appeal would be whether the trial court fully admonished defendant as to the consequences and significance of changing his plea from not guilty to guilty. The Public Defender concludes that the trial court properly admonished defendant and an appeal would be without merit.

■■ Defendant received a copy of the Public Defender's motion to withdraw and supporting brief. He was also sent a letter by this court notifying him of the motion and giving him an opportunity to file any points he might choose to support his appeal. Defendant has personally responded by letter to this court wherein he alleges that the trial court erred by not determining whether there was a factual basis for his plea of guilty and the particulars of an alleged plea bargain were not given effect in the final judgment.

Defendant's allegations are directly contradicted by the transcript of

356

the change-of-plea proceedings. A factual basis for the plea of guilty was thoroughly established by a stipulation of evidence, including defendant's confession, which was recited into the record by the State's Attorney in the presence of the Public Defender and defendant. Defendant expressly confirmed the veracity of the evidence so stipulated.

■■ The record also firmly establishes that there was no plea bargaining entered into for the court to effectuate in its final judgment. During extensive questioning of defendant by the trial court in compliance with Supreme Court Rule 402 the following colloquy appears:

"THE COURT: Now, there has been no conference of any kind in this case, there have been no prior commitments or promises of any kind made. This is a blind plea, so called, is that correct?

THE DEFENDANT: Yes.

\* \* \*

THE COURT: You understand if there were any conferences or promises made of any kind that I know nothing about those and they would not be binding on the Court? Do you understand that?

THE DEFENDANT: Yes."

The record before this court compels a conclusion that this appeal would be wholly frivolous and without merit. The trial court fully complied with Supreme Court Rule 402.

The motion of the Public Defender to withdraw is allowed and the judgment is affirmed.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.