THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN DOE, alias TONY THOMAS, alias THOMAS CLEAVES, Defendant-Appellant.

(No. 55963;

First District—July 10, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Ronald P. Katz and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LYONS delivered the opinion of the court:

The defendant, John Doe, alias Tony Thomas, alias Thomas Cleaves, was charged on September 29, 1970, with three counts of armed robbery, one count of attempt rape and two counts of attempt murder. Defendant entered a plea of guilty to each of the charges and was sentenced to concurrent terms of five to twenty years (armed robbery), five to ten years (attempt rape) and five to ten years (attempt murder) in the Illinois State Penitentiary.

■■ On appeal, defendant contends that the trial court violated Supreme Court Rule 402(c) by entering judgment on his guilty plea without determining that there was a factual basis for the plea. We find no merit in this contention.

Supreme Court Rule 402(c) (Ill. Rev. Stat. 1969, ch. 110A, par. 402(c) (amended and effective September 17, 1970) provides:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The record in this case affirmatively shows that the trial court fully complied with this provision. At one point in the proceedings the trial judge asserted: "I am satisfied from our [plea discussion] conference that there certainly is a factual basis for the plea of guilty with respect to this defendant." At another point, the trial judge indicated: "[W]e have gone at great length into the facts of this case * * *." The trial judge also referred to several facts of the case just prior to imposing

sentence and, indeed, expressed his intent to afford some leniency in view of those facts. In our view, these comments by the trial judge clearly indicate that he had determined that a factual basis existed for defendant's plea of guilty.

■■ Defendant argues, however, that Rule 402(c) also requires that the factual basis be set out in detail on the record. We have carefully reviewed the language of both the rule and the related Committee Comments and find no such requirement either expressed or implied. Our conclusion is supported by the Committee Comments regarding Rule 402(c) which state:

> "The language of paragraph (c) is based upon the recent revision of Rule 11 of the Federal Rules of Criminal Procedure, and, as is true under the Federal rule, *no particular kind of inquiry is specified;* the court may satisfy itself by inquiry of the defendant or the attorney for the government, by examination of the pre-sentence report, *or by any other means which seem best* for the kind of case involved." (Emphasis added.)

These Comments indicate quite clearly that the independent examination by the trial judge of the relation between the law and the acts defendant admits having committed may be made off the record.

Moreover, we note that Subsection (e) of Supreme Court Rule 402 sets out requirement concerning what must be made of record in connection with the acceptance of guilty pleas. Nowhere in that subsection is there even a slight suggestion that the factual basis required by Subsection (c), with which we are concerned, must be made of record.

The authorities cited by defendant in support of his contention were concerned with involuntary and unknowing guilty pleas and thus have no application in the instant case.

The judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and BURKE, J., concur.