THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES REDDICK, Defendant-Appellant.

(No. 56136;

First District (4th Division)—April 25, 1973.

*Rehearing denied May 15, 1973.*

James J. Doherty, Public Defender, of Chicago, (John T. Moran, Jr., Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane, Terrence McQuigg, and James Truschke, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE BURMAN delivered the opinion of the court:

The defendant, James Reddick, was indicted for murder. He entered a plea of guilty and was sentenced to 14 years to 14 years and a day in the penitentiary.

On appeal, the sole issue is whether the trial court determined that there was a factual basis for defendant's guilty plea, in accordance with Supreme Court Rule 402(c), Ill. Rev. Stat. 1971, ch. 110A, par. 402(c).

Supreme Court Rule 402(c) requires that:

"The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea."

The Committee Comments to Rule 402(c) point out that,

"The language of paragraph (c) is based upon the recent revision of Rule 11 of the Federal Rules of Criminal Procedure, and, as is true under the Federal rule, no particular kind of inquiry is specified; the court may satisfy itself by inquiry of the defendant

or the attorney for the government, by examination of the presentence report, or by any other means which seem best for the kind of case involved." S.H.A., ch. 110A, par. 402, Committee Comments.

■■ On January 13, 1971, the defendant appeared in court to withdraw his not guilty plea and enter a plea of guilty to the charge of murder. The following colloquy occurred:

"THE COURT: You did, on or about November 2nd, 1969, hit one Carl Steiger with a water pitcher without legal justification, therefore causing his death.

Do you understand that?

THE DEFENDANT: Yes, I understand."

The factual statement to which the defendant assented was not complex, but it nonetheless provided an adequate basis for the court to conclude that defendant's conduct fell within one of the Illinois definitions of murder, a killing without lawful justification through acts which the defendant knew created a strong probability of death or great bodily harm, Ill. Rev. Stat. 1971, ch. 38, par. 9—1(a)(2).

After admonishing the defendant as to his legal rights, explaining the consequences of a guilty plea, and inquiring into the voluntary character of the defendant's decision, the court received several stipulations. It was stipulated that the facts in the indictment were "true and correct and sufficient in law to sustain the charges contained therein." It was further stipulated that if "the complaining witness and the police officers were called to testify * * * their testimony would be true and correct and sufficient in law and fact to sustain the charges contained in * * * the instant indictment."

The record also includes a court-ordered psychiatric report which contains the following description:

"He says that on the night in question he was staying at this hotel, he had been drinking, went to the door of the hotel in which he was staying in order to get a match. The man hit him with ash tray above the eye requiring stitches. He then hit him in the head with a glass water pitcher, put him up on the chair, tied him up, and hit him again in the head."

The psychiatrist concluded that the defendant probably understood how striking a person, as he struck the deceased, could cause death. The psychiatrist also stated that in his opinion, there would be no possibility of an insanity defense.

■■■ In interpreting Federal Rule 11, on which Supreme Court Rule 402(c) is based, the federal courts have stated that the trial judge is not required to make a factual determination that the defendant is guilty

or to elicit from him an acknowledgement of such facts as would establish his guilt. (*U.S. v. Semet,* 295 F.Supp. 1084, 1087.) This court has held that the factual basis for the plea need not be set out in detail in the record. (*People v. Doe,* 6 Ill.App.3d 799, 286 N.E.2d 645.) In *Doe,* the trial judge merely asserted that he had gone into the facts at great length and was satisfied there was a factual basis for the plea.

██ In the instant case, the record includes defendant's in-court admission to the essential facts of the crime, the stipulations of the defense that if witnesses were called their testimony would support the charge, and the detailed description of the crime contained in the report of the court-ordered psychiatric examination. We think that these elements taken together demonstrate an adequate factual basis for the defendant's plea.

*People v. Dugan,* 4 Ill.App.3d 45, 280 N.E.2d 239, and *People v. Rollins,* 9 Ill.App.3d 1011, 293 N.E.2d 733, cited by the defendant, are distinguishable on the facts and not applicable. In those cases, the Appellate Court stated that there was nothing in the record to indicate that the trial judge made any inquiry or determination as to the factual basis for the plea.

For the reasons stated, the judgment of the Circuit Court will be affirmed.

Affirmed.

ADESKO and DIERINGER, JJ., concur.