THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANITA WEAVER, Defendant-Appellant.

(No. 73-27; ▮▮▮▮▮▮▮)

Third District—April 18, 1974.

Kent Osborne, Assistant Appellate Defender, of Ottawa, for appellant.

James T. Moreno, Assistant State's Attorney, of Macomb, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After pleading guilty to the offense of deceptive practice, a misdemeanor in violation of section 17—1(d) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 17—1(d)), the defendant, Anita Weaver, was sentenced by the circuit court of McDonough County on November 8, 1972, to a 1-year term of imprisonment.

On this appeal defendant urges the record affirmatively shows the trial court failed to comply with Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, par. 402) before accepting her plea of guilty and also urges

that the statute (Ill. Rev. Stat. 1971, ch. 38, sec. 17—1) is unconstitutional.

■■ First, dealing with defendant's second assignment of error, it is her contention that the statute (Ill. Rev. Stat. 1971, ch. 38, sec. 17—1) is unconstitutional because it includes the following provision: "Failure to have sufficient funds or credit with the depository when the check or other order is issued or delivered is prima facie evidence that the offender knows that it will not be paid by the depository; * * *. "This provision, according to the defendant, is violative of due process and she has advanced several reasons in support of her contention. However, an inspection of the statute reveals that the questioned provision is not an element of the offense and on the contrary refers to a matter of evidence. Since the defendant in the instant case pleaded guilty, the provision relating to evidence was neither applied nor is it applicable to the circumstances of the defendant. Accordingly, any consideration of this issue would be the consideration of an abstract proposition of law, a duty which we as a court of review are not able to undertake.

■■ With respect to defendant's other assignment of error, namely that the court failed to comply with Supreme Court Rule 402, we agree the trial court failed to do so. We believe it necessary to mention only two areas in which the rule was not followed, although defendant has also insisted there were other inadequacies in compliance with the rule.

In examining the record it appears that the only reference to the nature of the offense is the trial court's indication the defendant is charged with deceptive practice. The People admit that the nature of the offense was not explained to the defendant by suggesting that the failure to do so was the result of the defendant's conduct, thereby apparently excusing the court from complying with the rule. According to the People, the defendant and her attorney appeared at a motion hearing and at a time when the defendant stood indicted for the offense of forgery. The defendant indicated she would be willing to plead guilty to the offense of deceptive practice. This action was permitted and resulted in the defendant's guilty plea to the misdemeanor offense of deceptive practice. However, the fact that the guilty plea was made pursuant to an offer by the defendant is not in our opinion a sufficient reason for excusing compliance with Rule 402 which of course contemplates that, so far as the court procedure is concerned, the plea will be initiated by the defendant. Under the circumstances we believe the court erred in failing to explain the nature of the offense charged. *People v. Green,* 12 Ill.App.3d 418, 299 N.E.2d 535, and *People v. Krantz,* 12 Ill.App.3d 38, 297 N.E.2d 386.

It also appears from the record the court failed to ascertain from the

defendant whether her plea had been induced by promises or other considerations. Even though the record fails to indicate the defendant's plea was induced by any promises, the record likewise fails to demonstrate that it was not. This is contrary to Supreme Court Rule 402(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 402(b)). *People v. Ridley,* 5 Ill.App.3d 680, 284 N.E.2d 37.

For the foregoing reasons, the judgment of the circuit court of McDonough County is reversed and remanded with directions that defendant be permitted to plead anew.

Reversed and remanded with directions.

ALLOY and DIXON, JJ., concur.