THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALBERT ALAN CODY, Defendant-Appellant.

(No. 73-401; 

Fifth District—October 11, 1974.

Robert Farrell and Gordon Berry, of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Mary Jane Reynolds Webb, State's Attorney, of Vienna (Darrell L. Conley, of Model State's Attorneys Support Unit, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant-appellant, Albert Alan Cody, pled guilty to the crime of unlawful possession of more than 25 grams of a substance containing barbital, in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat., ch. 56½, § 1402(b)), after a negotiated plea. Defendant was sentenced to serve 1 to 6 years in the penitentiary concurrent with a sentence which defendant was presently serving, and he now contends that the trial court of Johnson County committed reversible error by failing to determine whether there was a factual basis for his plea prior to entering final judgment on his plea as required by Supreme Court Rule 402(c).

Pursuant to the negotiated plea, the charges brought in count II and count III of the information were dismissed by the State. Count I of the information, to which the defendant pled guilty pursuant to the negotiated plea, stated as follows:

"The State's Attorney of said county charges: Count I that on September 25, 1973, in Johnson County, Albert Alan Cody committed the offense of unlawful possession of controlled substance in that the said defendant did knowingly and unlawfully have in his possession more than 25 grams of a substance containing Bar-

bital, otherwise than authorized in the Controlled Substance Act, in violation of Para. 1402B, Chap. 56½, Ill. Rev. Statutes."

The record in this case reflects that the following exchange took place between the trial court, the State's Attorney, the defendant, and the defendant's attorney:

"The Court: The Court accepts your plea. Mrs. Webb, is there any factual basis for this plea?

Mrs. Webb: Yes, sir. Your Honor, if witnesses were called, they would testify that on September 25, 1973, in Johnson County, Albert Alan Cody committed the offense of unlawful possession of controlled substance in that said defendant was apprehended having knowingly and unlawfully in his possession more than 25 grams of a substance containing Barbital, otherwise than is authorized by the Controlled Substance Act.

The Court: You have heard this lady state what her testimony would be, in fact, is that true?

Answer: Yes, sir.

The Court: Mr. Defense Counsel, do you stipulate there is a factual basis for this plea?

Mr. Hubbler: Yes, on the strength of the defendant's statement to the court.

The Court: Let the record show there is a factual basis for this plea  *  *  *."

The State's Attorney, in answer to that trial court's question recited almost verbatim the charge set forth in count I of the information, prefacing such recitation with the phrase, "*  *  *  if witnesses were called, they would testify that," then appears the recitation.

■■ In previous cases, the courts have attempted to eliminate what appears to be some confusion between the determination of the "factual basis" of the plea (required by Supreme Court Rule 402(c)) and the determination of whether the defendant understands "the nature of the charge" (required by Supreme Court Rule 402(a)(1)). These two separate requirements have been distinguished in *People v. Edmonds*, 15 Ill.App.3d 1073, 1078-79, 305 N.E.2d 346, as follows:

"In order to comply with Rule 402(a), the trial court should direct inquiries to the defendant personally to be sure that the defendant understands the nature of the charges against him prior to accepting the plea of guilty. However, Rule 402(c) places an additional duty on the trial judge. He should not only make sure that the defendant knows and understands what he is pleading guilty to, but the judge should determine prior to entering final judgment *that the conduct of the defendant is sufficient to sustain the*

*charge to which the defendant pleads guilty."* (Emphasis added.)

In *People v. Hudson,* 7 Ill.App.3d 800, the court held that in the requirement of Rule 402(c) all that is necessary is that the record show that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent required to constitute the offense to which the defendant is pleading guilty. The judgment may utilize any appropriate procedure which will assure a record that demonstrates there is a factual basis for the plea.

The court in compliance with the rules determined that the defendant understood the nature of the charge and advised the court through his counsel that a plea had been negotiated, in which negotiations the defendant had concurred. The defendant then waived a hearing in mitigation and a presentence investigation.

■■ The court then considered the question of a factual basis for the plea. The language of the information and that of the State's Attorney's recitation was not so complex as to not be understood by a layman who would have no difficulty understanding the charge. Defendant's counsel acquiesed in the recitation by the State's Attorney, and there is nothing in the record indicating an inability by the defendant to understand the facts so stated. Consequently, there was substantial compliance with Supreme Court Rule 402(c) for the trial court to ascertain the existence of a factual basis for the plea.

■■ The defendant also contends that he should be permitted to plead anew on the ground that prejudicial error resulted from submission by the State's Attorney and the trial court of an official statement to the Department of Corrections. However, nowhere in the defendant's brief is it stated that the State's Attorney promised to the defendant that she would not submit an official statement concurred in by the trial court to the Department of Corrections. An official statement is not a mandatory part of the record on appeal under Supreme Court Rule 608. (*People v. Hawkins,* 3 Ill.App.3d 359). The question of the contents of an official statement was raised in *People v. Chaney,* 2 Ill.App.3d 675, 679, 680, and the court stated:

> "We note that defendant does not suggest how the trial court might have admonished him as to the contents of the Official Statement which was to be prepared subsequent to the imposition of sentence;  *  *  *.
>
> *  *  *
>
> The admonishment of a defendant as to the consequences of his plea, within the meaning of the cited Rules and case law on the subject, does not comprehend that he be instructed, lectured and reminded of each and every factor which might possibly or

conceivably affect the decision, at a later date, of the Parole and Pardon Board to either grant or deny parole."

The judgment of the Circuit Court of Johnson County is affirmed.

Judgment affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.