THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GWENDOLYN WILSON, Defendant-Appellant.

(No. 73-221;

Third District—October 31, 1974.

James Geis, of State Appellate Defender's Office, of Ottawa, for appellant.

Michael M. Mihm, State's Attorney, of Peoria, for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

On December 14, 1972, the defendant, Gwendolyn Wilson, was indicted for the offense of theft of property having a value over $150. On March 12, 1973, the defendant, as a result of plea negotiations, entered into a negotiated plea which covered the theft charge as well as several prostitution charges. She plead guilty to the charges and, pursuant to the agreement, was sentenced by the Circuit Court of Peoria County to a term of imprisonment of from 1½ years to 4½ years for theft and a period of 6 months each for the other offenses, all of the terms to be concurrent.

Defendant contends on this appeal that: (1) the record is insufficient in furnishing a factual basis for the plea in that it fails to show how she accomplished the theft, and that it fails to show that she intended to commit the offense and; (2) that she was never admonished concerning the mandatory parole term which is now provided for in the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1001—1—1 *et seq.*). She concedes that all other requirements of Rule 402 were properly met.

Illinois Supreme Court Rule 402 provides in pertinent part:

> "In hearings on pleas of guilty, there must be substantial compliance with the following:
>
> \*　　\*　　\*
>
> (c) Determining Factual Basis for Plea. The court shall not enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea." Ill. Rev. Stat. 1973, ch. 110A, par. 402.

The opinion in *People v. Hudson*, 7 Ill.App.3d 800, contains a particularly interesting discussion of the procedure the judge may use to comply with subparagraph (c) of the rule.

> "The requirement of Rule 402(c) is met when it appears on the record that there is a basis for reasonably concluding that the defendant actually committed the acts with the intent (if any) required to constitute the offense to which the defendant is pleading guilty. It is not necessary that it appear on the record beyond a reasonable doubt or even by a preponderance of the evidence that the defendant committed the offense. (See ABA Standards Relating to Pleas of Guilty, Par. 1.6, Approved Draft, 1968). All that is required to appear on the record is a *basis* upon which the judge could *reasonably* reach the conclusion that there is a con-

nection between the defendant's acts and the intent with which he acted *and* the acts and intent (if any) required to constitute the offense to which the defendant is pleading guilty." *People v. Hudson,* 7 Ill.App.3d 800, 803.

A factual basis may be demonstrated by having the prosecuting attorney summarize the testimony he could present to show the defendant committed the crime. *People v. Bowers,* 47 Ill.2d 585.

The following exchanges between the court, the prosecuting attorney, defense attorney and the defendant are relevant:

"The Court: And, Mr. Solomon [prosecuting attorney] the Court would inquire of you as to what the evidence would show in reference to the Defendant's guilt if there were a trial in these cases to which she has entered a plea of guilty?

Mr. Solomon: As to the felony Count of Theft, 72CM3837, the evidence would show through the presentation of testimony, that on Nov. 1st, 1972, the Defendant went to D. Schaffer South, Inc., located at 244 S.W. Jefferson in the City and County of Peoria and State of Illinois and did obtain and exert unauthorized control over a pants suit, the property of D. Schaffer South, Inc., with the intent to permanently deprive the owners of the use and benefit of said property, said defendant not being authorized at that time to obtain such property from D. Schaffer South, Inc.

The Court: And in the felony charge of Theft, what would the evidence show the value of the property taken to have been at the time of the taking?

Mr. Solomon: The value of the suit at the time of its taking Nov. 1, 1972 would be $200.00.

The Court: Mr. Covey [defense attorney] would you agree that if there had been a trial in each of these cases, that the evidence would have substantially shown what Mr. Solomon has stated?

Mr. Covey: Yes, your Honor.

The Court: And, Miss Wilson, do you—are you stating to this court that you know what you have been charged with doing in each of these cases to which you have entered a plea of guilty?

Defendant: Yes.

The Court: And were you guilty and are you guilty of that which you are charged with doing?

Defendant: Yes.

The Court: Have the record show that the Court finds and determines, as a result of these proceedings, that there is a factual basis for the Defendant's plea of guilty * * *."

It is first urged that this record is insufficient in furnishing a factual

basis for the plea in that it fails to show how the defendant accomplished the theft. The basic facts of what had taken place on the date alleged were furnished to the court and agreed to by defendant and her attorney. Defendant has totally misinterpreted a statement made in *People v. Morris*, 8 Ill.App.3d 232, 233, *i.e.*, "the total lack of any reference to how or if this was done is ground for reversal." The court there was referring to "how" the trial court satisfied itself that a factual basis for the plea existed. Further, the method by which unauthorized control is obtained or exerted is immaterial. Committee Comments to section 16—1 (theft), S.H.A., ch. 38, par. 16—1 (1970).

It is further urged that there was no factual indication that defendant intended to commit the offense. We do not agree. The element of intent in the crime charged is the intent to deprive the owner permanently of the use or benefit of his property. (Committee Comments, *supra*; *People v. De Stefano*, 2 Ill.2d 427.) In the instant case such intent was shown and agreed to by defendant and her attorney.

We believe there was sufficient substantial compliance with the requirements of Rule 402(c) to ascertain the existence of a factual basis for the plea.

The last issue raised by defendant poses the question; must she be informed of the provision for a mandatory parole term before accepting her guilty plea to felony theft? Section 5—8—1 of the Unified Code of Corrections provides that a sentence of imprisonment for a felony shall be an indeterminate sentence and that every indeterminate sentence shall include as though written therein a parole term in addition to the term of imprisonment.

Defendant was allowed to add this issue after the opinion of the Fourth District Appellate Court in *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269. The *Wills* court stated that they would vacate the plea for the failure to inform the defendant of the consequences of the mandatory parole term if not for the fact that they held the statute to be constitutionally infirm.

■■ Since *Wills*, however, the supreme court in *People v. Krantz*, 58 Ill.2d 187, 195, 317 N.E.2d 559, spoke on the exact question, stating. "As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions."

For reasons given the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

SCOTT, P. J., and STOUDER, J., concur.