THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLARD RITCHIE, Defendant-Appellant.

(No. 73-202;

Third District—February 13, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

876

C. Brett Bode, State's Attorney, of Pekin (Jay H. Janssen, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Willard Ritchie, the defendant, was indicted by the grand jury of Tazewell County for the offenses of burglary, aggravated battery, misdemeanor escape, and felony escape. Pursuant to negotiations, he entered pleas of guilty to burglary, aggravated battery, and misdemeanor escape, and he was subsequently sentenced by the Circuit Court of Tazewell County to concurrent prison terms of not less than 3 nor more than 9 years for burglary, not less than 1 nor more than 3 years for aggravated battery, and 1 year for misdemeanor escape.

On appeal the defendant contends that the trial court failed to properly admonish him in accordance with Supreme Court Rule 402 (Ill. Rev. Stat. 1973, ch. 110A, par. 402). His specific contention is that the trial court accepted his plea of guilty without first explaining the charges to him and without determining that he understood them as is required by Supreme Court Rule 402(a)(1).

The record discloses that the defendant at arraignment appeared in court with his attorney. The trial court advised the defendant as to the charges against him and provided him with copies of the indictments which had been returned. After advising the defendant as to the charges against him the following colloquy ensued:

> "Court: Then from my explanation to you and the information given to you by your attorney, do you fully understand the nature of the offense with which you are charged * * * so you understand what I have said.
> Defendant: Yes."

We find the situation present in the case now before us quite similar to that which existed in *People v. Trinka,* 10 Ill.App.3d 183, 293 N.E.2d 179. In *Trinka* we affirmed a plea of guilty where defendant's attorney, in presence of the defendant, established in open court that the attorney had gone over the information charging defendant with misdemeanor theft, and where the defendant acknowledged that such was true and indicated a desire to plead guilty to the charge. In the instant case the defendant acknowledged that his attorney had provided him with information and that this information coupled with admonitions of the court conveyed to him the nature of the offense with which he was charged by several indictments. The record further discloses that the defendant specifically stated to the court that he understood the nature of the offenses.

Subsequent to the brief of the defendant being filed in this appeal, we

granted two motions of the defendant to add additional authority to his brief in support of his contention that he was not properly admonished as to the nature of the charge. One of the cases cited as additional authority is an appeal decided by this court, to-wit, *People v. Weaver*, 18 Ill. App.3d 651, 310 N.E.2d 202. In examining *Weaver* we fail to find that it is material to the instant case in that the State in *Weaver* admitted that the nature of the offense was not explained to the defendant but attempted to justify such an omission on the basis of the defendant's conduct. The defendant further cites the case of *People v. Lampe*, 16 Ill.App.3d 975, 307 N.E.2d 176, wherein the Appellate Court of the Fifth Appellate District held it to be reversible error when the trial court failed to inform the defendant of the essential elements of the crime with which he was charged. We prefer to adhere to the rule expressed in *Trinka* as we did in the case of *People v. Powell*, 21 Ill.App.3d 423. The factual situation in *Powell* is necessarily quite similar to that in the instant case since Powell and the defendant in this appeal were jointly involved in the same criminal transactions.

■■ The defendant next argues that the trial court failed to obtain a factual basis for the pleas of guilty to the charges of escape and aggravated battery and therefore violated Supreme Court Rule 402(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 402(c)). We do not agree with this argument of the defendant, since the trial court had previously heard a factual basis for the crimes of aggravated battery and escape in another case involving defendants who were companions of the defendant in the instant case when the crimes were committed and who were arrested with the defendant. In *People v. Doe*, 6 Ill.App.3d 799, 286 N.E. 2d 645, it was held by the reviewing court that the supreme court rule providing that the trial court shall not enter final judgment on a plea of guilty without first determining a factual basis for the plea does not require that factual basis be set out in detail on the record. In *Doe* the trial court determined that there was a factual basis for pleas of guilty to the charges of armed robbery, attempted rape and attempted murder from a conference with the defendant. This method used by the trial court in *Doe* to determine that there was a factual basis was determined to be sufficient compliance with the requisites of Supreme Court Rule 402(c). An examination of the record in the instant case makes it abundantly clear that the trial court from companion cases was able to determine that there was a factual basis for entering judgment on the pleas of guilty tendered by the defendant. The defendant stipulated that there was a factual basis for his pleas, and this stipulation was buttressed by his admission that if certain witnesses were called their testimony would support the charges against him. (See *People v. Reddick*, 11 Ill.App.3d

492, 297 N.E.2d 360; *People v. Miller,* 6 Ill.App.3d 354, 285 N.E.2d 488.) We cannot agree that there was failure on the part of the trial court to determine a factual basis for defendant's pleas of guilty to the charges of escape and aggravated battery.

The defendant further raises the issue that his pleas of guilty to the various charges against him were not knowingly and understandingly entered because he was never admonished concerning a mandatory parole term. Section 5—8—1 of the Unified Code of Corrections provides "(a) [that a] sentence of imprisonment for a felony shall be an indeterminate sentence * * * [and] (e) [e]very indeterminate sentence shall include as though written therein a parole term in addition to the term of imprisonment." Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1.

■■ We have previously passed on this question in *People v. Wilson,* 23 Ill.App.3d 457, 318 N.E.2d 767. In *Wilson* we noted that our supreme court in *People v. Krantz,* 58 Ill.2d 187, 317 N.E.2d 559, spoke on the exact question stating, "'As we have just noted, we do not consider that substantial compliance with Rule 402(a)(2) requires such admonitions.'" 23 Ill.App.3d 457, 460.

■■ Lastly, the defendant claims that the trial court erred by ordering judgment of conviction and sentence on both the charges of aggravated battery and escape since both charges arose from the same or identical conduct. The People agree with this contention of the defendant and rightfully so. See *People v. Lilly,* 56 Ill.2d 493, 309 N.E.2d 1; *People v. Lerch,* 52 Ill.2d 78, 284 N.E.2d 293.

For the reasons stated, the judgment of the Circuit Court of Tazewell County entered on the offenses of burglary and aggravated battery and the sentences imposed thereon are affirmed. The judgment is reversed and vacated as to the offense of misdemeanor escape.

Affirmed in part and vacated in part.

ALLOY and STOUDER, JJ., concur.