THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* GUY
ANTHONY HOLT, Defendant-Appellant.

(No. 74-111; ▮▮▮▮▮▮▮▮▮▮▮)

Third District—February 13, 1975.

James Geis and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

A. Randolph Comba, State's Attorney, of Princeton, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a conviction for robbery following a negotiated plea of guilty, in the Circuit Court of Bureau County. Defendant was sentenced to a term of imprisonment of not less than 1 nor more than 5 years.

On appeal in this court defendant challenges the trial court's compliance with Supreme Court Rule 402 at the time he entered his plea of guilty. (See Ill. Rev. Stat. 1973, ch. 110A, par. 402.) Holt had been indicted originally on charges of robbery, aggravated battery and conspiracy. He was represented by appointed counsel. Following the entry of the plea of guilty to the robbery charge after plea negotiations, the State's attorney nol-prossed the other indictments.

The particular points which were raised by defendant are that the court failed to determine that there was an adequate basis for the charge under Rule 402(c) and, also, that the court erred in not advising defendant that there was a mandatory 3-year parole term which is involved with any sentence for a Class 2 felony such as robbery. Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e).

■■■ Under Rule 402(c) the court is not to enter final judgment on a plea of guilty without first determining that there is a factual basis for the plea. No special method is required to be used by the trial court and the determination of the factual basis may be developed by questioning defendant, or receiving the facts from defense counsel, or a witness, or listening to a summary of available evidence from the prosecutor, or even from a review of a presentence report in court, or by any other means which may seem best for the kind of case involved. *People v. Dugan,* 4 Ill.App.3d 45, 46, 280 N.E.2d 239.

■■ In the cause before us, defendant acknowledged that he read the indictment and that he understood that the charge was robbery, which he stated meant "taking some money which didn't belong to me." He understood the occurrence was on the date charged and that he had discussed the nature of the charge with his attorney and fully understood it. The State's attorney then told the court that he would show at the trial that defendant took United States currency from the presence of one Brian Bradner by force or threat of force ir Bureau County on

September 26, 1973. Defense counsel thereupon stipulated that the witnesses would testify substantially to that effect. We recently have found sufficient compliance with Rule 402(c) in a similar factual setting in *People v. Wilson*, 23 Ill.App.3d 457, 318 N.E.2d 767 (3rd Dist. 1974). Cf. *People v. Cody*, 23 Ill.App.3d 164, 318 N.E.2d 700.

■■ Even though a court might not fully comply with Rule 402(c), the Illinois Supreme Court has indicated in *People v. Dudley*, 58 Ill.2d 57, 60-61, 316 N.E.2d 773 (1974), that:

> "It does not follow, however, that the failure to comply with these provisions * * * must result in a reversal of the judgment of conviction. There is no claim that the plea of the defendant, who was represented by counsel, was not voluntary. There is no other claim of harm or prejudice to the defendant. When questioned by the judge the defendant expressed himself as being satisfied with the plea agreement which had been negotiated for him by his attorney, and even now there is no expression of dissatisfaction with the plea agreement's terms. And finally, there is no contention by the defendant that the plea agreement was not honored—no claim that the sentence imposed was not the one agreed upon."

It is, therefore, only substantial compliance which is required under Rule 402. *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559; *People v. Warship*, 59 Ill.2d 125, 319 N.E.2d 507.

Here defendant stated in his plea of guilty that he was charged with "taking money that didn't belong to him" from a named victim on a specific date, and he was aware that he would receive a prison sentence by so pleading. He does not allege that the record would show a factual situation inconsistent with the crime charged, if the court had elicited a more detailed factual basis, nor does he allege that he has pleaded to a crime he didn't commit and would change his plea if given another chance. He was represented by counsel, and there was no disagreement with the outline of facts given by the prosecutor. Defendant received exactly the sentence he had bargained for. We, therefore, find no basis for reversal for a failure to comply with Rule 402(c).

■■ As to the contention that the court failed to advise defendant of the 3-year mandatory parole term, we have indicated in *People v. Wilson*, 23 Ill.App.3d 457, 318 N.E.2d 767 (following the Supreme Court expression on the issue in *People v. Krantz*, 58 Ill.2d 187, 317 N.E.2d 559) that it is not necessary to admonish a defendant as to a parole term which is incidental to a sentence under the terms of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(e)). While the statement in the *Krantz* opinion was not essential to that case and might

be classified as dictum, we believe that this expresses the conclusion which would be followed by the Supreme Court, and we have accordingly found that such omission is not a basis for reversal.

We noted that in the opinion by the Fourth District Appellate Court in *People v. Wills*, 23 Ill.App.3d 25, 319 N.E.2d 269, the guilty plea would have been vacated for failure to inform defendant of his parole term, if the appellate court had not held the statute itself to be unconstitutional. We called attention to the fact that the Supreme Court in *Krantz* spoke on the exact question and stated that the Supreme Court would not consider that substantial compliance with Rule 402(a)(2) required such admonitions. The *Wills* case is being considered by the supreme court at the present time.

The parole term is a direct consequence of a guilty plea, but it does not affect defendant if he completes his parole successfully. Typical parole conditions, such as obeying all laws or refraining from specific activities, are not unreasonable nor are they harsh. It is only when a parolee violates these conditions that he may be subjected to incarceration again. Since future action or misconduct on part of the parolee himself is required to create any adverse consequences to defendant, it is apparently considered to be too far-reaching to require that the trial courts admonish the defendant as to the parole term. As a matter of fact, defendant Holt did not allege on appeal that he did not know about the parole term, but only that the court did not tell him. He does not allege that he would perhaps have pleaded "not guilty" had he been admonished as to the parole term.

For the reasons stated, the judgment of the Circuit Court of Bureau County is affirmed.

Affirmed.

STOUDER, P. J., and STENGEL, J., concur.