The appellant, Gary Dewayne Alvis, pleaded guilty to rape in the first degree and to sodomy in the first degree. He was sentenced to 18 years on each count, each sentence to run concurrently with the other and with a third sentence, an appeal from which is now pending before this court. Acting pro se, he filed a "Motion to Withdraw Plea Agreement," which the trial judge denied.
 I.
The appellant first asserts that the trial judge committed reversible error by denying his motion to withdraw his guilty pleas. He argued that his pleas of guilty were defective because, he says, the trial court failed to establish a factual basis for these pleas. According to Rule 14.4(e), Ala.R.Crim.P., "The court shall allow withdrawal of a plea of guilty when necessary to correct a manifest injustice." However, we will not overturn a denial of a motion to withdraw a guilty plea unless there is a showing that the trial judge has abused his discretion. Alford v. State, 651 So.2d 1109, 1112 (Ala.Cr.App. 1994).
During the hearing at which the appellant entered his pleas, the following exchange occurred between the trial judge and the appellant:
"COURT: Are you guilty as charged?
"APPELLANT: Yes, your honor.
"COURT: What did you do?
"APPELLANT: Raped and sodomized.
"COURT: All right. You did basically what?
"APPELLANT: Raped and sodomized. *Page 461 
 "COURT: All right. But I'm talking about the actual thing. You did what [the victim] testified to in your first trial, is that correct?
"APPELLANT: Yes, sir."
According to the appellant, this exchange was not sufficient to establish a factual basis for the plea because the trial judge, in effect, improperly took judicial notice of testimony from proceedings in another case.
The reference to the alleged victim's testimony in the appellant's prior trial and the appellant's acknowledgement of the truth of that testimony, however, was sufficient to establish a factual basis to support his guilty plea. The appellant correctly states that this Court cannot take judicial notice of other proceedings involving an appellant unless certain conditions are present and may generally consider only matters contained within the record of the case before it. See Nesbit v. City of Montgomery, 652 So.2d 784, 786 (Ala.Cr.App. 1994); Ex parte Cade,521 So.2d 85, 87-88 (Ala. 1987). However, the mere failure to include in the plea colloquy the detailed facts of the crimes admitted to by the appellant does not render the plea invalid. Rule 14.4(b), Ala.R.Crim.P., provides, "Notwithstanding the acceptance of a plea of guilty, the court shall not enter a judgment upon such plea without being satisfied that there is a factual basis for the plea." Rule 14.4(b) focuses upon the satisfaction of the trial court rather than upon any requirement that certain events be described in the record. We stated in Alderman v. State, 615 So.2d 640, 647 (Ala.Cr.App. 1992), "`The only factual basis required for a guilty plea is that which will satisfy the court that the appellant knows what he is pleading guilty to.' Garner v. State, 455 So.2d 939, 940 (Ala.Cr.App.), cert. denied, 455 So.2d 940 (Ala. 1984)." Such factual basis may be shown through "several sources." Alderman, 615 So.2d at 645, citing Yamada v. State, 426 So.2d 906, 909 (Ala. 1982). Not only is the reading of the indictment sufficient to establish a factual basis for a guilty plea in certain cases, but in those cases it is not required that the indictment be read into the record during the guilty plea hearing. Alexander v. State, 488 So.2d 41, 44
(Ala.Cr.App. 1986). Therefore, in Alabama the factual basis for a guilty plea may be established through methods other than having the defendant, the district attorney, the trial judge, or someone else recite during the plea hearing the facts of the crimes admitted to.
Although we cannot find an Alabama case in which a factual basis for a guilty plea was established through reference to other proceedings, an Illinois court has explicitly accepted this method as valid. In People v. Ritchie, 25 Ill. App.3d 875, 877-878,323 N.E.2d 432, 433-434 (1975), the Appellate Court for the Third District of Illinois held that the factual basis for the guilty plea could be established through the trial judge's hearing of testimony in the trial of codefendants. The court stated:
 ". . . [T]he trial court had previously heard a factual basis for the crimes of aggravated battery and escape in another case involving defendants who were companions of the defendant in the instant case when the crimes were committed and who were arrested with the defendant. In People v. Doe, 6 Ill. App.3d 799, 286 N.E.2d 645, it was held by the reviewing court that the Supreme Court Rule providing that the trial court shall not enter final judgment on a plea of guilty without first determining a factual basis for the plea does not require that factual basis be set out in detail on the record. In Doe the trial court determined that there was a factual basis for the pleas of guilty to the charges of armed robbery, attempted rape, and attempted murder from a conference with the defendant. This method used by the trial court in Doe to determine that there was a factual basis was determined to be sufficient compliance with the requisites of Supreme Court Rule *Page 462 
402(c). An examination of the record in the instant case makes it abundantly clear that the trial court from companion cases was able to determine that there was a factual basis for entering judgment on the pleas of guilty tendered by the defendant. The defendant stipulated that there was a factual basis for his pleas and his stipulation was buttressed by his admission that if certain witnesses were called their testimony would support the charges against him. We cannot agree that there was failure on the part of the trial court to determine a factual basis for defendant's pleas of guilty to the charges of escape and aggravated battery."
(Citations omitted.) Like Illinois courts, Alabama courts have focused on the trial court's satisfaction that the defendant understands the nature of the crime to which he or she is pleading guilty rather than on whether the record contains any detailed description of the crimes. Therefore, following the reasoning of the Illinois appellate court, we hold that the factual basis for a guilty plea may be established through reference to other proceedings in which the crimes admitted to were described in detail, provided that the defendant pleading guilty and the trial judge accepting the plea were both present during those proceedings and provided further that the defendant stipulates to the truth of the testimony referred to. Only with both present at such proceedings can the trial judge refer to the proceedings during the plea colloquy to show that the judge has a common understanding with the defendant as to what the judge is referring to. When the defendant stipulates to the truth of that testimony, the trial judge who witnessed those proceedings becomes aware of the facts to which the defendant is admitting, and can make a reasonable judgment as to whether the defendant understands the nature of the crime to which he or she is pleading guilty.
In this case the trial judge's efforts to have the appellant recite the details of the crimes to which he was pleading guilty were thwarted by the appellant's refusal to state anything beyond the legal conclusions that he "raped and sodomized" the victim. Because the trial judge could not reasonably tell from these mere conclusionary statements whether the appellant understood the meaning of "raped and sodomized," he then referred to the testimony of the victim at the appellant's prior trial. Because both the trial judge and the appellant were present at that trial, the appellant was fully aware of what the trial judge meant when he referred to "what [the victim] testified to in your first trial." When the appellant admitted that he did commit the acts to which the victim had testified, the trial judge could then be reasonably satisfied that the appellant knew the nature of the crimes he was pleading guilty to. Therefore, the trial judge's reference to the appellant's prior trial and the appellant's stipulation to the truth of those facts were sufficient to establish the factual basis for his guilty plea. The trial judge's denial of the appellant's motion to withdraw his guilty pleas was not error.
 II.
The appellant next asserts that his trial counsel was ineffective because, he says, counsel misstated the minimum range of punishment if he were convicted of the crimes charged. The appellant attached to his brief on appeal a letter from his trial counsel in which his trial counsel, basing the range of punishment on the application of the Habitual Felony Offender Act ("HFOA"), told the appellant that he could serve 15 to 99 years. However, the HFOA could not be applied to his case because the crimes to which the appellant was pleading guilty were committed before his other convictions. Therefore, the proper range of the appellant's possible sentence was between 10 and 99 years.
The State argues that we cannot consider the letter as evidence that trial counsel misstated to the appellant his range of punishment because it was not part of the *Page 463 
record. However, even if trial counsel did mistakenly refer to the appellant's minimum possible sentence as 15 years, such a mistake did not constitute ineffective assistance of counsel. "To prevail on a claim of ineffectiveness of counsel, the petitioner must show (1) that his counsel's performance was deficient and (2) that he was prejudiced by his counsel's performance. Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)." Cartwright v. State,645 So.2d 326, 329 (Ala.Cr.App. 1994). The appellant has failed to show how he has been prejudiced by trial counsel's alleged mistake. The proper range of sentence was written on the Ireland form signed by the appellant and was recited by the trial judge during the plea colloquy. In fact, the appellant acknowledged during the plea colloquy that he understood that the proper range of sentencing was between 10 and 99 years. Therefore, trial counsel's alleged misstatement of this range was harmless and does not render his performance ineffective. The appellant's convictions are due to be affirmed.
AFFIRMED.
All judges concur.