2016 IL App (1st) 180303-U

Order Filed: May 1, 2020

FIRST DISTRICT
FIFTH DIVISION

No. 1-18-0303

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 14499 |
| | ) | |
| MATHEW RISTAU, | ) | Honorable |
| | ) | Vincent M. Gaughan, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Second-stage dismissal of defendant's postconviction petition is affirmed in part, reversed in part, and this matter is remanded for further proceedings, where claim of actual innocence was properly dismissed while claim of ineffective assistance of counsel was improperly dismissed.

¶ 2    Defendant-appellant, Mathew Ristau, appeals from the second-stage dismissal of his supplemental postconviction petition for relief filed under the Post–Conviction Hearing Act (Act) (725 ILCS 5/122-1, *et seq*. (West 2018)). Defendant argues that the dismissal was incorrect because his petition made a substantial showing of actual innocence and that his trial counsel was ineffective for failing to inform him of the State's initial guilty-plea offer. For the following reasons, we affirm the dismissal of defendant's claim of actual innocence, reverse the dismissal of

No. 1-18-0303

the ineffective assistance of counsel claim, and remand for a third-stage evidentiary hearing as to the latter claim.[1]

¶ 3                                    I. BACKGROUND[2]

¶ 4    In August 2008, Defendant was charged with, *inter alia*, the July 18, 2008, attempted murder of a police officer. On April 9, 2009, defendant filed a motion to quash arrest. After a hearing, the circuit court denied defendant's motion. Defendant subsequently filed a motion to suppress statements, which the circuit court granted in part and denied in part. While the motion to suppress was still pending, defendant requested a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997). On July 30, 2009, defendant, while represented by an Assistant Public Defender (APD), entered into a negotiated plea of guilty to a charge of attempted first degree murder and was sentenced to 20 years' imprisonment. Defendant did not file a direct appeal from his conviction or sentence.

¶ 5    The testimony at the hearing on defendant's motion to quash covered events which transpired before (and at a different location from) the specific events which made up the offense of attempted murder to which defendant pleaded guilty, while the testimony at defendant's motion to suppress hearing covered events which transpired after (and at a different location from) the specific events which made up that offense. With respect to the record on appeal presented to this court, any detail regarding the events which made up the offense of attempted murder to which defendant pleaded guilty are only contained in the arrest report and the indictment.

---

[1]    In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order stating with specificity why no substantial question is presented.

[2]    Portions of this order have been taken from prior decisions entered by this court in this matter. See, *People v. Ristau*, 2016 IL App (1st) 131302-U; *People v. Ristau*, 2016 IL App (1st) 141115-U.

¶ 6     According to defendant's arrest report, on July 18, 2008, Chicago Police Officer Adam Criscione and two other officers conducted a traffic stop of defendant's vehicle at 5001 West Polk Street. The officers suspected that defendant had drugs in his possession. Officer Criscione reached into the car to disable it, but defendant drove away. Officer Criscione was dragged from the car and injured. Defendant drove to Interstate 290, driving the wrong way in the westbound lanes. Defendant struck a squadrol, and then backed up to continue to go east in the westbound lanes. Defendant drove past the squadrol "in an attempt to strike" Officer Francis Ares, who had exited the squadrol to arrest defendant. Officer Joseph Montanaro, fearing for Officer Ares's life, fired four shots at defendant's car, striking the passenger, Thomas Hogueisson. Defendant continued driving the wrong way on the expressway. He sideswiped two cars, lost control of his own car, and struck Officer Jamay Nellum while making a U-turn to go back west on the expressway. Defendant's car then came to a stop. Defendant appeared intoxicated and was arrested and taken to the hospital for treatment. His urine and blood tests were positive for cocaine and opiates.

¶ 7     On July 30, 2009, defendant pleaded guilty to the charge of attempted first degree murder of Officer Ares, as alleged in count 1 of the indictment as follows: "with intent to commit the offense of first degree murder, without lawful justification *** [defendant] drove a vehicle toward [Officer Ares] a person he knew or reasonably should have known was *** in the course of performing his official duties as a police officer."

¶ 8     At the start of the plea hearing, the trial judge said that it was his understanding that defendant had accepted the negotiated agreement to plead guilty to attempted murder in exchange for the dismissal of the remaining counts of the indictment. Defendant said this was correct. The circuit court then indicated that the evidence presented at both the Rule 402 conference and in the hearings on the pretrial motions provided an adequate factual basis, and accepted defendant's plea.

The trial judge sentenced defendant to 20 years in prison, with 377 days of credit, pursuant to the negotiated agreement.

¶ 9    On October 30, 2009, defendant filed a *pro se* motion to withdraw his guilty plea claiming that APD Denise Streff had forced him to plead guilty. APD Robert Drizin was appointed as his new attorney. On April 16, 2010, defendant—in court with APD Drizin—voluntarily withdrew his motion to withdraw his plea. On October 15, 2010, APD Drizin appeared in court without defendant and informed the circuit court that defendant was claiming that he had been coerced into withdrawing his motion to withdraw his guilty plea. APD Greg Koster appeared to represent defendant on April 6, 2011, and stated that defendant had filed a "motion to withdraw his guilty plea," and that he had visited defendant in prison the previous day. According to APD Koster, defendant "was unequivocal that he did not wish to withdraw his guilty plea." APD Koster, noted that this was the second time defendant had sought to withdraw his guilty plea and then changed his mind. The circuit court then allowed the "motion to withdraw his motion to withdraw his guilty plea."

¶ 10    On September 24, 2012, defendant filed a *pro se* postconviction petition. On March 27, 2013, the circuit court dismissed defendant's initial petition as being a frivolous, successive postconviction petition. Defendant previously appealed that decision, and we concluded that defendant's petition was not a successive petition, but rather an initial one under the Act and was improperly summarily dismissed beyond the 90-day limit provided for in the Act (see 725 ILCS 5/122-2.1(a)(2) (2012)). We therefore reversed the dismissal order and remanded for further proceedings. *Ristau*, 2016 IL App (1st) 131302-U, ¶ 22. [3]

---

[3]    On October 24, 2013, while defendant's prior appeal was pending, he filed the request for leave to file a successive postconviction where defendant asserted—*inter alia*—a claim of actual innocence based

¶ 11  On July 20, 2017, defendant filed a supplemental petition for postconviction relief, incorporating the 2012 petition by reference. Defendant alleged, *inter alia*, that he is actually innocent of the offense to which he pleaded guilty because he did not attempt to run over an officer, and that trial counsel was ineffective for rejecting a more advantageous plea agreement without first notifying defendant. Defendant supported his claims with multiple affidavits.

¶ 12  Defendant averred in his affidavit that he did not attempt to "run over" a police officer and that no officer ever "stepped in front of" his car. Defendant also averred that he learned before he pleaded guilty that his attorney had rejected an offer of 17 years, to be served at 50%, without telling him first.

¶ 13  Thomas Hogueisson, a co-defendant who was with petitioner in the car when the incident occurred, averred that an officer held onto the car when they initially drove away, but he let go and "was not injured." Mr. Hogueisson further averred that "[a]t no time was there an officer in front of the car, nor did [defendant] attempt to run over an officer during this traffic stop." Mr. Hogueisson acknowledged that he previously signed a statement implicating defendant, but that he did so under the influence of pain medication, as well as law enforcement indicating that he could go home if he cooperated.

¶ 14  The State filed a motion to dismiss the petition arguing that forfeiture applied to defendant's claim that his plea was involuntary because he could have raised that issue on direct appeal. The State also argued that defendant's claim of actual innocence should fail where the evidence was not newly discovered and did not totally exonerate defendant. The State argued that

upon newly discovered evidence. On December 20, 2013, the circuit court denied defendant leave to file his successive petition, ruling that defendant's claims were forfeited and that defendant did not raise a colorable claim of actual innocence. We dismissed his prior appeal from that order as moot, because the first petition was once again pending in the circuit court by that time. *Ristau*, 2016 IL App (1st) 141115-U.

Mr. Hogueisson's affidavit was not a "clear total vindication" for defendant, and that the actual innocence claim was meritless. The State did not address defendant's claim based upon the plea offer which was allegedly rejected without defendant's consent or knowledge.

¶ 15    On January 24, 2018, the circuit court heard oral argument. The circuit court ultimately dismissed defendant's petition, stating "I find that each claim is not meritorious, that there's no substantial showing of a violation of [defendant's] constitutional rights to merit relief under the Post-Conviction Act, so the petition is dismissed." This appeal followed.

¶ 16                                                II. ANALYSIS

¶ 17    On appeal, defendant contends that the circuit court erred in dismissing his petition at the second stage.

¶ 18    The Act "provides a remedy to a criminal defendant whose federal or state constitutional rights were substantially violated at trial or sentencing." *People v. Dupree*, 2018 IL 122307, ¶ 28. The petition may be dismissed at the first stage if it is frivolous or patently without merit, otherwise it advances to the second stage. 725 ILCS 5/122-5 (West 2018). At the second stage, the defendant must make a substantial showing of a deprivation of constitutional rights or the petition is dismissed. *Dupree*, 2018 IL 122307, ¶ 28. If such a showing is made, the postconviction petition advances to the third stage where the court conducts an evidentiary hearing. 725 ILCS 5/122–6 (West 2018).

¶ 19    At the second stage of proceedings, the postconviction court takes "all well-pleaded facts that are not positively rebutted by the trial record" as true. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006). A second-stage dismissal of a postconviction petition is reviewed *de novo*. *People v. Coleman*, 183 Ill. 2d 366, 389 (1998).

¶ 20    Defendant first contends that the circuit court erred in dismissing his petition at the second stage, because he made a substantial showing of a due process claim of actual innocence.

¶ 21    "[E]vidence supporting the claim of actual innocence must be (1) newly discovered; (2) material and not merely cumulative; and (3) of such conclusive character that it would probably change the result on retrial." *People v. Adams*, 2013 IL App (1st) 111081, ¶ 30. Evidence is considered newly discovered if it is discovered since trial and the defendant could not have discovered it any sooner through due diligence. *Id.* ¶ 31. For the second element, the newly discovered evidence must "create new questions in the mind of the trier of fact." *Id.* ¶ 34. As to the third element, the newly discovered evidence must "support total vindication or exoneration, not merely present a reasonable doubt." *Id.* ¶ 36.

¶ 22    Both defendant and the State acknowledge that the issue of whether a defendant can make a freestanding claim of actual innocence in a postconviction petition, after a entering a plea of guilty and without also challenging the validity of that plea, is an open question currently pending before our supreme court. Compare *People v. Shaw*, 2019 IL App (1st) 152994 (finding such a claim not to be waived), with *People v. Reed*, 2019 IL App (4th) 170090, *appeal allowed*, 132 N.E. 3d 317 (Ill. 2019) (finding such a claim to be waived). We need not wade into this debate here. Even assuming a claim of actual innocence is viable under these circumstances, defendant has failed to show that this claim was improperly dismissed at the second stage of these proceedings.

¶ 23    We also need not discuss whether defendant properly presented newly-discovered, material, and non-cumulative evidence in support of his claim of actual innocence. Even assuming he satisfied the first two elements of such a claim, defendant did not present evidence supporting his total vindication or exoneration.

¶ 24    To begin with, we find that the record before us is insufficient for us to properly consider this issue. The circuit court specifically stated that the evidence presented at both the Rule 402 conference and at the hearings on the pretrial motions provided the factual basis for defendant's plea of guilty to count 1 of the indictment, the count alleging the attempted murder of Officer Ares. While the record on appeal contains transcripts of the hearings on the pretrial motions, which generally addressed circumstances occurring both before and after the incident involving Officer Ares, we have no record of the evidence presented at the Rule 402 conference. This was not inherently improper, as the factual basis for a plea may be established off the record. *People v. Doe*, 6 Ill. App. 3d 799, 801 (1972).

¶ 25    However, as the appellant, defendant had the duty to provide this court with a record sufficient to review the issues on appeal. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). Any doubts which may arise from the incompleteness of the record will be resolved against the appellant. *Id*. Without any indication of the evidence presented by the State at the Rule 402 conference, we simply have no way to analyze whether the affidavits presented by defendant constitute evidence supporting his total vindication or exoneration.

¶ 26    Even considering this issue based solely upon the record before us, we reject defendant's contention that the circuit court erred by denying his claim of actual innocence.

¶ 27    In the affidavits of both the defendant and Mr. Hogueisson presented in support of the petition, it was merely averred that defendant did not attempt to "run over" a police officer. However, neither the arrest report nor (more importantly) count 1 of the indictment alleged that defendant attempted to "run over" Officer Ares. Similarly, while defendant averred that that no officer ever "stepped in front of" his car, and Mr. Hogueisson averred that "[a]t no time was there an officer in front of the car," neither assertion directly refutes the assertion in the police report

that defendant drove past the squadrol "in an attempt to strike" Officer Ares, or the claim in count 1 that defendant drove a vehicle "toward" Officer Ares. At best these assertions challenge the sufficiency of the State's evidence so as to present a reasonable doubt of his guilt, which is insufficient to support a claim of actual innocence. *Adams*, 2013 IL App (1st) 111081, ¶ 36.

¶ 28    Defendant next contends that the circuit court erred in dismissing his petition at the second stage, because he made a substantial showing of ineffective assistance of counsel based upon his trial counsel's alleged failure to inform him of an advantageous offer to plead guilty made by the State. Specifically, defendant's supplemental petition and attached affidavit alleged that, before he pleaded guilty and was sentenced to 20 years' imprisonment for attempted murder, defendant learned that his trial attorney had already rejected an offer of 17 years' imprisonment, to be served at 50%, without defendant's knowledge or consent.

¶ 29    Below, the State did not address this claim in its written motion to dismiss, and neither party addressed this claim during oral argument on the State's motion to dismiss. Thus, the allegations contained in defendant's supplemental petition and affidavit with respect to this issue stand unrebutted, and they must be taken as true. *Pendleton*, 223 Ill. 2d 473.

¶ 30    On appeal, the State concedes error, admitting that defendant made a substantial showing of ineffective assistance of counsel under these circumstances. See *People v. Ryburn*, 2019 IL App (4th) 170779, ¶ 42 (coming to same conclusion under similar circumstances). We agree, and conclude that defendant's supplemental postconviction petition should advance to a third-stage evidentiary hearing with respect to this issue. Our conclusion is in no way an opinion on whether defendant will ultimately prevail on this claim of ineffective assistance of counsel.

¶ 31                                III. CONCLUSION

¶ 32    For the foregoing reasons, we generally affirm the dismissal of defendant's supplemental postconviction petition, including his claim of actual innocence, but we reverse the dismissal of his claim of ineffective assistance of counsel as to the rejected plea offer, and remand for a third-stage evidentiary hearing solely as to the latter claim.

¶ 33    Affirmed in part and reversed in part.

¶ 34    Cause remanded.